In re LEISURE DYNAMICS,
INC., Debtor.

LEISURE DYNAMICS, INC., Plaintiff,

v.

CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO and Howell-North Books, Defendants.

Bankruptcy No. 3–83–43.
Adv. No. 83–0221.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Sept. 12, 1983.

Robert S. Brill, Minneapolis, Minn., for plaintiff-debtor.

Joseph Alexander, Minneapolis, Minn., for defendants.

MEMORANDUM ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

The above-entitled matter came on for hearing on August 12, 1983 on the Plaintiff's motion for an amended order.

Now, based on the record and arguments of counsel, the Court makes the following Order pursuant to Bankruptcy Rule 7052.

I

On July 5, 1983, this Court entered an Order substantively denying all the Plaintiff's requests for relief. The Plaintiff, by its complaint, requested a court order declaring that payments it had made to the Defendants for the purchase of their busi-

ness were not violative of any provisions of the Bankruptcy Code and, therefore, that Leisure was not in default of the terms of its promissory note. The effect of such a declaration would have rendered Howell-North, the Defendants, unable to make demand on a letter of credit securing the payment of the purchase price of the business.

At the hearing on June 20, 1983, the parties were in substantial agreement as to the facts and both sides regarded the issues as purely legal. The Plaintiff had filed a motion for summary judgment as well as a motion for an injunction enjoining the Defendants from drawing on the letter of credit. On July 5, 1983, the Court entered an order denying the Plaintiff's various motions and granted the Defendants' motion for dissolution of the previous restraining order on the basis the letter of credit was not property of the Debtor's estate and the Court was accordingly incapable of acting on it. On July 15, 1983, the Plaintiff moved for an amended order. The Plaintiff alleged that despite this Court's determination the letter of credit was not property of the estate, the Court could issue an order declaring the past and future payments to Howell and North to be incapable of subsequent attack by a trustee under 11 U.S.C. § 547 and 549. The Defendants then filed a motion to dismiss the complaint.

## II

In *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), the Supreme Court established that whether parties had standing to invoke the Court's jurisdiction rested on whether they "alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues." Id. at 204, 82 S.Ct. at 703. Applying this standard to the case of Leisure Dynamics, persuades me that the Article III requisites for standing are not met and its complaint should be dismissed.

Leisure Dynamics request is not brought against the proper party, i.e., the currently hypothetical trustee. The Debtor argues

two things with respect to this: 1) that a subsequently appointed trustee could not avoid these transfers because they represent payments made "in the ordinary course"; and 2) that the trustee would not avoid the payments because, assuming Leisure is required to maintain a letter of credit as security, to avoid the payments would only increase Walter Heller's fully secured claim against the Debtor. Their first argument is faulty because the payments are not payments "in the ordinary course" of Leisure's business. The Debtor's business is not the business of acquiring new companies—its business is the manufacture, distribution and sale of toys and games. The second argument, though extremely creative ("collapsing the chain"), is also meritless where there is a decision to be made which rests solely on the legal and business judgment of a currently non-existent trustee. It is not the place of the Debtor nor the Court to attempt to second-guess a trustee's decision. The Court cannot render advisory opinions. *Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1976).

It is well established law that declaratory judgment remedies are discretionary and should only be given when an adequate or effective judgment can be rendered. *Alabama Federation of Labor v. McAdory,* 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1967) sets forth two criteria under which to evaluate the issue of ripeness: 1) the concreteness of the issues for judicial decision; and, 2) the hardship to the parties of withholding court consideration.

As discussed supra, I do not believe the questions of avoidability and preference are properly before this Court for judicial resolution at this time. No one has taken any action to attempt to avoid the payments but Leisure's bankruptcy case is far from completion. There is no indication that a trustee will not be appointed. If so, it would be his duty to investigate these unsanctioned, out of the ordinary course payments being made to an unscheduled creditor. It would then be his decision whether to seek to

avoid them under any several possible Code provisions. The trustee is non-existent at this point and unable to argue one way or the other to the Court. Therefore, I cannot say the issues are well defined and ready for decision.

Withholding a determination that these payments are or are not subject to avoidance also does not present a hardship to the parties. There is currently pending an action in the United States District Court of California between these same parties concerning the same letter of credit. Until April 1, 1984, the District Courts are also courts of bankruptcy and I feel this matter is properly within the jurisdiction of that court.

THEREFORE, IT IS ORDERED:

1) Plaintiff's motion for an amended order is denied;

2) Defendants' motion for dismissal of the complaint is granted.