HENLEY, Senior Circuit Judge.
Appellants, who are debtors in bankruptcy, appeal from the district court’s dismissal, without prejudice, of a civil action they had brought against several creditors (First Bank of South Dakota, International Harvester Corporation, the Small Business Administration, International Harvester Credit Corporation) and a former creditor (Sidney Hoekstra). We affirm.
Appellants filed voluntary petitions in bankruptcy on January 28, 1983 under Chapter 11 of the Bankruptcy Code. On October 11, 1984, pursuant to a motion made by appellee First Bank of South Dakota, the Bankruptcy Court for the-District of South Dakota entered an order under 11 U.S.C. § 1112 converting the bankruptcy case to a Chapter 7 liquidation proceeding.[1]
Appellants then initiated the present collateral action in district court on October 18, 1984, purporting to state eight causes of action. In two of their claims, appellants requested that the court determine the nature, validity, extent, and priority of any liens or security interests asserted by appellees against the estate. Appellants also requested that they be permitted to (1) use property of the estate in the ordinary course of business; and (2) avoid or subordinate appellees’ security interests. In a fifth claim, appellants alleged that appellee First Bank of South Dakota had taken actions in contempt of the automatic stay in bankruptcy (11 U.S.C. § 362(a)), to the detriment of goodwill allegedly inuring to a sole proprietorship appellants owned. Cf. 11 U.S.C. § 362(h); Fidelity Mortgage Investors v. Camelia Builders, 550 F.2d 47 (2d Cir.1976) (contempt action under former Bankruptcy Rules and Bankruptcy Act), cert. denied, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). The three remaining causes were tort claims based on allegations of property damage.
The district court, on motions for summary judgment, dismissed appellants’ suit without prejudice. The court concluded that this case was governed by the court’s order of July 27, 1984, referring all cases arising in or related to proceedings under the Bankruptcy Code to the district’s bankruptcy judges. The district court also concluded that the present action could only have been maintained by the trustee in bankruptcy, who is not a party herein.
On appeal, appellants advance conclusory allegations of due process violations, fraud, breach of fiduciary relationships, conspiracy, and official or administrative misconduct. We decline to address those contentions, which have never been presented to the district court. See Morrow v. Greyhound Lines, 541 F.2d 713, 724 (8th Cir.1976).
Wé conclude that the district court properly dismissed appellants’ suit. Each of appellants’ causes of action was concerned exclusively with property of the estate in bankruptcy. See In re Smith, 640 F.2d 888 (7th Cir.1981) (choses in action owned by debtor at filing of bankruptcy petition are property of the estate); Woodward v. White Satin Mills Corp., 42 F.2d 987 (8th Cir.1930) (goodwill of a business is included as property of estate in bankruptcy). The Bankruptcy Code, as amended in 1984, permits district courts to refer to bankruptcy judges “any or all cases under title 11 [of the United States Code] and any or all proceedings arising under title 11 or arising in or related to a case under title 11.” 28 U.S.C. § 157(a). The district court, by order dated July 27, 1984, chose to exercise its authority to refer all such cases then or *215 thereafter pending in its district to the bankruptcy court. Appellants’ claims fall well within the scope of the district court’s July 27, 1984 order. See Turner v. Ermiger, 724 F.2d 338, 341 (2d Cir.1983) (indicating on basis of legislative history that a proceeding is “related to” a bankruptcy case within the meaning of 28 U.S.C. § 157 if it could conceivably have any effect upon the estate being administered). Hence, the proper forum for the claims raised by appellants was the bankruptcy court.
We note that under 28 U.S.C. § 157(d) the district court could have withdrawn this case from the bankruptcy court, despite the earlier general order of referral. Such a withdrawal may be accomplished “for cause” upon “timely motion” of a party, or upon the court’s own motion. Id. Appellants apparently have not made any such motion. Where, as here, the only federal law at issue is the Bankruptcy Code itself, withdrawal is generally discretionary. See Carlton v. Baww, Inc., 751 F.2d 781, 788 (5th Cir.1985); In Re White Motor Corp., 42 B.R. 693 (Bankr.N.D.Ohio 1984). No abuse of discretion appears on this record.[2]
As noted, the district court also concluded appellants lack standing to maintain this suit. Authorities have in general agreed (although on varying rationales) that a debtor may not prosecute on his own a cause of action belonging to the estate unless that cause of action has been abandoned by the trustee. Baker v. Data Dynamics, Inc., 561 F.Supp. 1161, 1165 (W.D.N.C.1983) (debtors lack capacity to maintain suit); In re Homer, 45 B.R. 15, 25 (Bankr.W.D.Mo.1984) (debtor has no standing); Steyr Daimler Puch of America Corp. v. Pappas, 35 B.R. 1001, 1004 (Bankr.E.D.Va.1983) (trustee must be joined if feasible; court reserves question of whether trustee is an indispensable party); In re Leisure Dynamics, Inc., 33 B.R. 173 (Bankr.D.Minn.1983) (debtor lacks standing, and in absence of trustee, issues are not ripe or concrete); In re Myers, 17 B.R. 410, 411 (Bankr.E.D.Calif.1982) (debtor has no real interest in property of the estate); In re Raymond Construction Co., 6 B.R. 793, 797 (Bankr.M.D.Fla.1980) (trustee is the real party in interest). Cf. Management Investors v. United Mine Workers, 610 F.2d 384, 390-93 (6th Cir.1979); Burkett v. Shell Oil Co., 448 F.2d 59 (5th Cir.1971); Dallas Cabana, Inc. v. Hyatt Corp., 441 F.2d 865, 867 (5th Cir.1971); Moore v. Slonim, 426 F.Supp. 524 (D.Conn.), aff'd, 562 F.2d 38 (2d Cir.1977) (cases construing Bankruptcy Act). But see Smith v. State Farm Fire and Casualty Co., 633 F.2d 401, 404-06 (5th Cir.1980) (trustee not an indispensable party where record showed he was willing to rely on efforts made by debtors to prosecute case, and where objection was not made on this ground until conclusion of expensive and lengthy trial).
The trustee is the “legal representative” of the bankrupt estate, with capacity to sue and be sued. 11 U.S.C. § 323. Furthermore, with certain exceptions not applicable here, it is the trustee who is empowered under the Code to avoid or subordinate security interests and liens, and to use, sell, or lease property of the estate in the ordinary course of business. 11 U.S.C. §§ 363, 544-550, 724. Although appellants enjoyed trustee-like authority as debtors-in-possession when the bankruptcy case was a chapter 11 proceeding, 11 U.S.C. § 1107, that authority terminated with the bankruptcy court’s order of October 11, 1984, converting the case to chapter 7. 11 U.S.C. § 348(e). The Code specifies the ways in which property of the estate may be abandoned by the trustee, 11 U.S.C. § 554; there is no indication on the present *216 record that abandonment has occurred. Hence, although we need not decide today whether appellants lack standing, or whether instead the trustee, as representative of the estate, is the real party in interest, we agree with the district court that appellants may not maintain this suit without participation by the trustee.
The judgment of the district court is affirmed.

. On December 13 appellants unsuccessfully attempted to perfect an appeal to the district court from the bankruptcy court’s conversion order.

. If in the future the bankruptcy court addresses the tort claims raised in this action and determines that they are not “core proceedings” within the meaning of 28 U.S.C. § 157(b)(2), nothing in our decision today should be construed to prevent the district court from withdrawing those claims from the bankruptcy court if withdrawal appears appropriate. See Macon Pre-stressed Concrete Co. v. Duke, 46 B.R. 727, 730 (Bankr.M.D.Ga.1985) (where a cause of action asserted is not a "core proceeding," and a party asserting it has demanded a jury trial, withdrawal of cause from bankruptcy court may be appropriate, because under 28 U.S.C. § 157(c)(1) bankruptcy court in such circumstances could not enter final judgment).