Bobby BRATTON *v.* MITCHELL, WILLIAMS, SELIG,
JACKSON & TUCKER

89-205                                              788 S.W.2d 955

Supreme Court of Arkansas
Opinion delivered May 14, 1990

*Art Dodrill*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

IAN W. VICKERY, Special Justice. On March 30, 1989, the appellant, Bobby Bratton, filed his initial complaint seeking damages in this action in the Circuit Court of Searcy County. At the time of the filing of this complaint, the record reflects that Bratton had previously filed for relief under Chapter VII of the Bankruptcy Code and that a bankruptcy trustee had been appointed to the case. The Chapter VII proceedings resulted from the conversion of a Chapter XI filed in 1982.

The issue of whether or not Bratton had standing, in addition to challenges to the sufficiency of the pleadings and venue, was disputed in the initial answer of the appellee, Mitchell, Williams, Selig, Jackson & Tucker, on April 21, 1989, and was subsequently raised as a procedural bar, together with other matters, in appellee's motion to dismiss filed May 9, 1989.

After considering numerous pending motions in the matter, including appellee's motion to dismiss, the trial court entered an order of dismissal on June 16, 1989, finding that "[p]laintiff's

alleged cause of action is property of his pending bankruptcy estate, therefore Plaintiff lacks standing to maintain this action."

We agree and affirm.

In this case, there is no evidence that the bankruptcy trustee abandoned this claim or that the trustee joined in or ratified Bratton's filing of this complaint in circuit court. In fact, the evidence in the record indicates the contrary.

In *Vreugdenhil* v. *Hoekstra*, 773 F.2d. 213 (8th Cir. 1985), the Eighth Circuit Court of Appeals addressed the issue of standing and stated:

> As noted, the district court also concluded appellants lack standing to maintain this suit. Authorities have in general agreed (although on varying rationales) that a debtor may not prosecute on his own a cause of action belonging to the estate unless that cause of action has been abandoned by the trustee. *Baker* v. *Data Dynamics, Inc.*, 561 F.Supp. 1151, 1165 (W.D.N.C. 1983) (debtors lack capacity to maintain suit); *In re Homer*, 45 B.R. 15, 25 (Bankr. W.D. Mo. 1984) (debtor has no standing) . . . .

> Similarly, in *In re Homer, supra*, the court stated:

> The defendants' counterclaim for conversion became property of the bankruptcy estate when the debtors filed their petition for relief under title 11 of the United States Code. *See* § 541 of the Bankruptcy Code. Thereafter, the claim was assertable only by the trustee in bankruptcy unless, after the trustee's refusal to prosecute the claim, the court should restore its ownership to the debtors. That is not shown to be the case at bar.

It is clear that the claim asserted in circuit court remains the property of the bankrupt's estate, and must be prosecuted, if at all, by the trustee unless it is abandoned to the debtor. Accordingly, we affirm, and need not consider other issues raised in this appeal.

Affirmed.

Special Justices John Stroud and John D. Eldridge join in this opinion.

HAYS, GLAZE, TURNER and PRICE, JJ., not participating.