Leroy D. VICKERS *v.* Henry J. FREYER

CR 92-405                                    850 S.W.2d 10

Court of Appeals of Arkansas
Division II
Opinion delivered March 17, 1993

*Truman H. Smith*, for appellant.

*Charles S. Trantham*, for appellee.

JAMES R. COOPER, Judge. The appellant in this civil case asserted a claim for tortious interference with a business relationship against the appellee. The trial court held that the appellant lacked standing to bring the suit and dismissed it. We find no error and affirm.

In February 1989, the appellee filed suit against the appellant, seeking to be reimbursed for a $35,000.00 certificate of deposit which the appellee had used to collateralize a business loan made to the appellant by Northwest National Bank. The appellant defaulted on his payments to the bank, and the bank set off its claim against the appellee's certificate of deposit. In response to the appellee's suit for $35,000.00, the appellant counterclaimed, alleging the appellee had tortiously and maliciously interfered with his business. The appellee was granted summary judgment against the appellant for $35,000.00, and the appellant voluntarily non-suited his claim against the appellee.

On July 19, 1990, appellant filed a petition for Chapter 7 relief in bankruptcy. As of the date the appellant was discharged by the bankruptcy court, April 26, 1991, the appellant's claim against the appellee had not been filed by the bankruptcy trustee; however, the appellant's bankruptcy estate had not been closed.

One year after the appellant had non-suited his claim against the appellee and on the day the statute of limitations was to run on his claim, the appellant again filed the same suit against the appellee for damages and loss of revenue as a result of the appellee's malicious and intentional tortious interference with the appellant's business. The appellee filed a motion to dismiss and a request for sanctions, contending that, because the appellant had listed his claim against the appellee as an asset in his bankruptcy petition, the appellant no longer had standing to bring suit against the appellee. Attached to the appellee's brief in support of his dismissal petition was the affidavit of John T. Lee, bankruptcy trustee, which stated in part:

> 3. In the Debtors' Petition, more particularly in the Statement of Financial Affairs for Debtors engaged in Business, the Debtors listed Henry Freyer vs. Leroy D. Vickers (personally) and Business Equipment Systems Co., Inc. d/b/a BESCO Business Systems as a party to any suits pending at the time of the filing of the original

Petition.

4. Mr. Vickers was informed that any possible causes of actions he had against any other person, entities, etc. was property of the estate and for the determination of the Trustee to decide the validity thereof.

5. It has been brought to my attention that Mr. Vickers has filed a lawsuit against Henry Freyer alleging cause of action which took place prior to filing for Bankruptcy. This cause of action is property of the estate and not Leroy D. Vickers or Shirley R. Vickers.

6. Leroy D. Vickers and Shirley R. Vickers do not have standing, rights or interest to the cause of action they filed against Henry Freyer, CIV 91-539.

The trial court treated the appellee's dismissal petition as a motion for summary judgment. After hearing the arguments of the parties, the court ruled that the appellant's cause of action against the appellee belonged to the bankruptcy trustee and the appellant did not have standing to pursue it. The court, however, agreed to allow the appellant an additional ten days to further research the issue. Thirteen days later, the appellant filed an amended complaint, identical to his original complaint except that the appellant's amended complaint also alleged that he would suffer future damages as a result of the appellee's malicious conduct.

In a letter opinion, dated November 21, 1991, the trial court granted the appellee's motion for summary judgment, dismissing the appellant's complaint and striking the amended complaint because it found it was filed after the hearing on the appellee's motion for summary judgment and that it would unfairly prejudice the appellee to allow it to stand. The court stated:

> I am granting the defendant's Motion to Dismiss both the Complaint and Amended Complaint and am ruling that the Amended Complaint should be stricken. The first reason for this ruling is that Arkansas Rule of Civil Procedure 15(a) tells us that the court may strike any amended pleading if it prejudices the other side. In this case Mr. Smith filed an Amended Complaint to plead future damages in order to better fit his facts into the case

law that he found. Prior to that amendment there was no pleading for future damages. Therefore, after the hearing and after Mr. Smith's knowledge of the Court's ruling, he finds a case that he feels will aid his cause if he changes his pleadings. This amended pleading would definitely prejudice the other side in that the prior Motion to Dismiss dealt with the original Complaint. Mr. Smith, in essence, would be allowed to have his cake and eat it too. Furthermore, if a party were allowed to amend it's pleadings after it knows how the court is going to rule the other side would never be in a position to file any Motion to Dismiss or Motion for Summary Judgment because he would know that the other party, if the Court rules against him, would simply have to amend his pleadings. Therefore, in all fairness I do not feel that this pleading should be allowed to stand.

The second reason for my ruling is that I still do not feel that these facts fit into the cases Mr. Smith has cited. The damages will still be in the future even if it was heard in my court. Therefore, it could easily have been heard in the bankruptcy court and future damages assessed. Many, many times future damages are assessed in the courts. Therefore, I do not feel that this cause of action is property of Mr. Vickers.

For his appeal, the appellant contends the court erred in finding he lacked standing to pursue his claim against the appellee. It is undisputed that the appellant's cause of action against the appellee existed at the time that the appellant filed his bankruptcy petition for bankruptcy relief and that his claim was listed in his petition. Section 541(a)(1) of Title 11 of the United States Code defines property of a bankrupt's estate as all legal or equitable interest of the debtor in property as of the commencement of the case. *See Jones* v. *Harrell*, 858 F.2d 667, 669 (11th Cir. 1988). All causes of action belonging to a debtor at the commencement of a bankruptcy case are included within the definition of property of the estate, and any actions that are unresolved at the time of filing pass to the trustee, who as representative of the estate has the responsibility of asserting them whenever necessary for collection or preservation of the estate. *See Mixon* v. *Anderson* (In re Ozark Restaurant Equip-

ment Co.), 816 F.2d 1222, 1225 (8th Cir. 1987); *cert. denied sub nom. Jacoway* v. *Anderson*, 484 U.S. 848 (1987); *Folz* v. *Banchio Nat'l Bank*, 88 B.R. 149, 150 (S.D. Ohio 1987).

In the case of *Leird Church Furniture Manufacturing Co.* v. *Union National Bank*, 61 B.R. 444 (E.D. Ark. 1986), the bankruptcy court held that a debtor was not the proper party to bring an action for tortious interference with a business relationship. The court stated:

> When the cause of action was brought, the debtor was a debtor-in-possession in a Chapter 11 case. Since that time, the case has been converted to a case under Chapter 7, and Honorable Richard Smith has been appointed trustee. Consequently, the debtor is no longer in possession. The trustee is now vested with all property of the estate, including this adversary proceeding and all causes of action the debtor formerly possessed. The trustee is vested with the right to object to the allowance of any improper claim.

61 B.R. at 446.

For his first point, the appellant contends that, because his claim involves his ability to earn income in the future, the trial court erred in finding he lacked standing to bring suit against the appellee. In support of his argument, the appellant cites several cases, including *Cowan* v. *Fidelity Interstate Life Insurance Company*, 89 B.R. 564, 570 (E.D. La. 1988), where the bankruptcy court held that damages to a bankrupt's future earning capacity are not property of the bankruptcy estate. There, the court stated:

> The portion of these claims that concern future earning capacity from the date of injury up to the date the bankruptcy case was commenced . . . remains property of the bankruptcy estate. Thus, the trustee is the proper party for the portion of the claims that relate to the debtor's earning capacity from date of injury to date of petition, while the debtor himself is the proper party for the remaining portion of these claims, which relate to his earning capacity after the date of petition.

*Id.* at 570.

Even should we assume that the appellant is correct in this assertion that damages to his future earning capacity are not property of the bankruptcy estate, we would find no reversible error because those damages were not pled. The appellant's complaint filed on July 10, 1991, stated in part:

> (5) That as a result of a dispute between plaintiff and defendant, the defendant engaged in malicious actions to tortiously interfere with the business of the plaintiff.
>
> (6) That as the defendant embarked in conduct intended to cause the plaintiff to suffer substantial loss of revenue and eventually to be forced out of the office machine sales and service business . . . .

The appellant's complaint then prayed for the following damages:

> The sum of $300,000.00 for the malicious and tortious interference of the plaintiff's business;
>
> The sum of $300,000.00 for damage to the plaintiff's business as a result of the interference by the defendant, which resulted in the loss of several service contracts and sales;
>
> The sum of $100,000.00 for punitive damages against the defendant; and
>
> For his costs herein expended, plus a reasonable attorney's fee, and for all other proper relief to which he may prove himself entitled.

This complaint filed by the appellant is exactly the same as the pre-bankruptcy counterclaim filed by the appellant, which he later non-suited and which he listed in his bankruptcy petition. There was no claim for damages to future earning capacity. It was not until after the court held a hearing on the appellee's motion to dismiss and announced that the appellant lacked standing to bring the suit that the appellant filed his amended complaint, adding his claim for loss to future earning capacity. This amended complaint was stricken by the court in its final order, and the appellant has not appealed that ruling.

 Rule 15(a) of the Arkansas Rules of Civil Procedure

gives the court discretion to strike any amendment which would cause prejudice or unduly prolong the disposition of a case. *Schmidt* v. *McIlroy Bank & Trust*, 306 Ark. 28, 31-31, 811 S.W.2d 281, 283 (1991). An argument not raised by the appellant in his brief cannot be considered by this Court on appeal. *Yellow Cab* v. *Sanders*, 250 Ark. 418, 422, 465 S.W.2d 324, 327 (1971). The appellant court considers only those arguments raised by the parties. *Schmidt* v. *McIlroy Bank*, 306 Ark. at 33, 811 S.W.2d at 283.

■ Because the amended complaint seeking damages for future earnings was stricken by the court and the appellant has not appealed that action, we hold that the trial court correctly found that the appellant lacked standing under his original complaint to pursue his claim for damages.

■ The appellant further argues that he had standing to pursue his claim because it had been abandoned by the trustee. The bankruptcy code provides that the trustee may abandon "any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). This same section further provides that property is also deemed abandoned by the trustee if it is "not otherwise administered at the time of the closing of a case . . . ." 11 U.S.C. § 554(c). The appellant argues that his claim against the appellee was abandoned by the trustee because the trustee indicated he would not pursue it and the statute of limitations would have run if the appellant had not refiled his claim on the date that he did. The appellant argues that, by the trustee's inaction, the trustee effectively abandoned the cause of action so as to allow the appellant to prosecute the suit.

■ In order to abandon estate property under 11 U.S.C. § 554(a), the trustee must give notification of his intention to abandon the property as required by Federal Bankruptcy Rule 6007; notification of creditors is essential to abandonment under Rule 6007, and thus, there is no abandonment without notice to creditors. *Barletta* v. *Tedeschi*, 121 B.R. 669, 672 (N.D. N.Y. 1990). In *Bratton* v. *Mitchell, Williams, Selig, Jackson & Tucker*, 302 Ark. 308, 788 S.W.2d 955 (1990), the Arkansas Supreme Court addressed whether a petitioner in a Chapter 7 bankruptcy proceeding had standing to pursue a claim against

the appellees where there was no evidence that the bankruptcy trustee had abandoned the claim. The Court held that the appellant lacked standing, stating:

> In *Vreugdenhil* v. *Hoekstra*, 773 F.2d. 213 (8th Cir. 1985), the Eighth Circuit Court of Appeals addressed the issue of standing and stated:
>
>> As noted, the district court also concluded appellants lack standing to maintain this suit. Authorities have in general agreed (although on varying rationales) that a debtor may not prosecute on his own a cause of action belonging to the estate unless that cause of action has been abandoned by the trustee. *Baker* v. *Data Dynamics, Inc.*, 561 F.Supp. 1151, 1165 (W.D.N.C. 1983) (debtors lack capacity to maintain suit); *In re Homer*, 45 B.R. 15, 25 (Bankr. W.D. Mo. 1984) (debtor has no standing) . . . .
>
> Similarly, in *In re Homer*, *supra*, the court stated:
>
>> The defendants' counterclaim for conversion became property of the bankruptcy estate when the debtors filed their petition for relief under title 11 of the United States Code. *See* § 541 of the Bankruptcy Code. Thereafter, the claim was assertable only by the trustee in bankruptcy unless, after the trustee's refusal to prosecute the claim, the court should restore its ownership to the debtors. That is not shown to be the case at bar.

■ It is clear that the claim asserted in circuit court remains the property of the bankrupt's estate, and must be prosecuted, if at all, by the trustee unless it is abandoned to the debtor.

*Bratton* v. *Mitchell, Williams, Selig, Jackson & Tucker*, 302 Ark. at 309, 788 S.W.2d at 956.

■■ Here, as in *Bratton*, cited above, there is no evidence that the trustee, John Lee, abandoned the appellant's claim. In fact, Mr. Lee states in his affidavit that the appellant was informed that his cause of action against the appellee was

property of the estate and that the appellant did not have standing, right, or interest to the cause of action. The mere fact that the trustee had not brought suit as of the day the appellant filed his complaint is insufficient to show the claim was abandoned by the trustee. *See Dallas Cabana, Inc.* v. *Hyatt Corp.*, 441 F.2d. 865 (4th Cir. 1971):

> The fact that the trustee has failed to prosecute a claim does not permit a would-be plaintiff to bring suit without first petitioning the bankruptcy court for an order authorizing abandonment of the property.

> . . . .

> The remedy of the appellant is to petition the bankruptcy court to compel the trustee to bring suit or to authorize the bankrupt to sue or to make such disposition as appears to be appropriate in the circumstances and under the facts presented to the court. Without such authorization or clear manifestation of the trustee to abandon the claim, or some other disposition as the lower court may deem appropriate, appellant may not maintain this cause of action.

441 F.2d at 868.

The appellant argues that the case of *Barletta* v. *Tedeschi*, 121 B.R. 669 (N.D.N.Y. 1990) is "on all fours" with the case at bar and supports his contention that he has standing to pursue his claim.

In *Barletta*, the bankruptcy court allowed the appellant to pursue a claim against the appellee, although his claim had not been formally abandoned as provided by the bankruptcy rules and, at the time he filed his complaint, his bankruptcy estate had not been closed. The evidence demonstrated that, had the appellant waited until his estate had closed before filing his claim, the statute of limitations would have run. The court stated:

> Dismissing the plaintiff's claim for lack of standing here would create the inequitable result of extinguishing the plaintiff's claim through the inaction of the trustee, who did not intend to pursue the claim but did not abandon it, while at the same time preventing the plaintiff from

taking action until it was too late.

121 B.R. at 674.

In the case at bar, however, there is no statement by the trustee that he intended to abandon the claim. Although the appellant states in his brief that the trustee stated that he would not pursue the appellant's claim, this assertion is not supported by the record. In *Barletta*, the appellant had introduced a letter, acknowledged by the trustee's signature, that the trustee would be abandoning the appellant's claim against the appellee. No such evidence exists in the case at bar.

Moreover, the bankruptcy court in *Barletta* also noted that the appellant's bankruptcy case had been officially closed by final decree of the bankruptcy court at the time it considered whether the appellant had standing to pursue his claim. Here, the appellant's bankruptcy estate remains open. "[A]s long as a bankruptcy proceeding is still open there can be no abandonment by the trustee of any property of the estate, including causes of action without formal order of the bankruptcy court authorizing such abandonment." *Hessen v. Beagan (In re Teltronics Servs., Inc.)*, 39 B.R. 446, 449 (1984).

We hold that the trial court correctly found that the appellant lacked standing to pursue his claim against the appellee, and we therefore affirm the dismissal of his complaint.

Affirmed.

ROBBINS and ROGERS, JJ., agree.