Douglas L. KING *v.* Carl W. KNOX

CA 93-1220                                      890 S.W.2d 277

Court of Appeals of Arkansas
Division II
Opinion delivered December 28, 1994

*Estes, Estes & Gramling*, by: *J. Douglas Gramling*, for appellant.

*Matthews, Campbell & Rhoads, P.A.*, by: *Richard J. Stocker*, for appellee.

JOHN MAUZY PITTMAN, Judge. Douglas L. King appeals from a Benton County Circuit Court order granting appellee, Carl W. Knox, revivor of a judgment rendered in favor of appellee for $3,444.00. Appellee and appellant were previously sued as guarantors on a bank debt, and the bank obtained a judgment against both of them in which they were jointly and severally liable. Appellee then obtained a judgment against appellant for contribution in the amount of $3,444.00. Both judgments remained unsatisfied when appellee filed for bankruptcy, listing his judgment against appellant on his schedule of assets. Subsequently, appellee received a discharge in bankruptcy; however, upon the closing of the bankruptcy estate, the judgment against appellant had not been pursued or specifically abandoned by the bankruptcy trustee.

Appellant resisted appellee's petition for *scire facias* to revive the judgment against appellant on the ground that appellee lacking standing to bring the petition as the judgment was part of the bankruptcy estate to be pursued by the bankruptcy trustee alone. The circuit judge found that appellee had standing to revive his judgment and entered an order of revivor from which this appeal follows.

Appellant first argues that appellee lacked standing to bring the revivor action because the judgment remained as an asset of the bankruptcy estate and that only the bankruptcy trustee may pursue it. Specifically, appellant relies on 11 U.S.C. § 554(a) (1993), and *Vickers* v. *Freyer*, 41 Ark. App. 122, 850 S.W.2d 10 (1993), which require that notice be given to creditors before an asset may be abandoned. Appellant states that a failure to give notice, as here, leaves the asset in the bankruptcy estate as the statutory procedure to abandon the asset was not followed. Our holding in *Vickers* v. *Freyer, supra*, was that § 554(a) outlines the requisite procedure for the bankruptcy trustee to abandon an asset when the bankruptcy case remains *open*. In the case before us, appellee's bankruptcy case was closed before institution of the present litigation. Since the bankruptcy case had been closed,

we hold that 11 U.S.C. § 554(c) (1993) applies. Section § 554(c) provides: "Unless the court orders otherwise, any property scheduled under Section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of Section 350 of this title." The record indicates that appellee's judgment against appellant was a scheduled asset in his bankruptcy proceeding. Also, it is undisputed that this asset was not administered or specifically abandoned during the pendency of the bankruptcy matter. Therefore, under § 554(c), the asset was abandoned to the debtor [appellee] at the close of the bankruptcy estate. *In Re McCoy*, 139 B.R. 430 (Ohio 1991). Appellant's further argument that the bankruptcy court has exclusive jurisdiction to govern this asset as part of the bankruptcy estate is without merit. This revivor proceeding was properly maintained in state court by appellee after the asset was deemed abandoned under § 554(c).

■ Appellant also argues that he was a "contingent creditor" in appellee's bankruptcy in that his payment on the judgment against himself and appellee in favor of the bank would entitle him to contribution from appellee. As a "contingent creditor," he asserts that he was entitled to notice of abandonment under § 554(a) that provides for notice to be given to creditors. The premise of appellant's argument is flawed. There is no dispute that appellant was a *debtor* of appellee at the time appellee filed for bankruptcy and at the time the bankruptcy estate was closed. There is also no dispute that appellant has not paid the bank or appellee. Appellant cannot change the fact that he is a debtor, and not a creditor, of appellee. Because he is not a creditor, he was not entitled to notice and appellee is entitled to rely upon 11 U.S.C. § 554(c) in considering his claim against appellant to have been abandoned to him by the trustee.

Affirmed.

COOPER and MAYFIELD, JJ., agree.