Daniel FIELDS *v.* Terri Rankin BYRD

CA 03-711                                                    239 S.W.3d 543

Court of Appeals of Arkansas
Opinion delivered September 20, 2006

*Ledbetter, Cogbill, Arnold & Harrison, L.L.P.*, by: *Ronald D. Harrison* and *Kimberly A. McMillen*, for appellant.

*Gregory S. Kitterman*, for appellee.

R OBERT J. GLADWIN, Judge. Appellant Daniel Fields filed this appeal disputing the trial court's order denying his motion to set aside default judgment and motion to dismiss, and granting appellee Terri Rankin Byrd's motion to strike appellant's amended answer and her motion to substitute parties. We reverse and dismiss.

Appellee underwent oral surgery performed by appellant on April 6, 1999, which she claims left her with a burning sensation on her tongue. After the alleged malpractice occurred, appellee executed and filed a Chapter 7 voluntary bankruptcy petition on March 24, 2000. The petition did not list or schedule her medical-malpractice claim as an asset or contingent asset of the estate. When appellee testified about her assets in bankruptcy court at the first creditors' meeting, she denied having any claims or litigation against anyone. She never disclosed her medical-malpractice claim

to the trustee. Appellee was discharged from bankruptcy on July 11, 2000. She filed her medical-malpractice claim against appellant on January 29, 2001. No answer was filed. Appellee's motion for default judgment against appellant was filed March 20, 2001. After appellant received the motion, he filed a belated answer on April 9, 2001. The trial court granted a partial default judgment on liability in an order entered January 2, 2002. Appellant filed a motion for continuance and to set aside the default judgment and dismiss, or alternatively to give notice to the United States bankruptcy trustee of the pendency of the action on July 24, 2002. On July 31, 2002, appellant filed an amended answer. Appellee filed a motion to strike the amended answer and a motion to substitute parties, seeking to substitute Richard L. Cox, bankruptcy trustee, as the real party in interest. After a hearing on all the motions, the trial court entered an order on March 10, 2003, denying the appellant's motion to set aside the default judgment and denying his motion to dismiss. Further, the trial court granted appellee's motion to strike the amended answer and her motion to substitute parties. After the trial court ruled in the hearing in favor of the appellee as to liability, the appellant moved for a stay in order to appeal before the hearing on damages, and the trial court allowed it.[1]

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure – Civil provides that an appeal may be taken only from a final judgment, order, or decree entered by the trial court. *Smith v. Smith*, 337 Ark. 583, 990 S.W.2d 550 (1999). Whether a final judgment, decree, or order exists is a jurisdictional issue that this court has the duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Id.* Arkansas Rule of Civil Procedure 54(b) states that an order which disposes of fewer than all of the claims of all of the parties is not a final appealable order unless the court makes an express determination that there is a danger of hardship or injustice, which an immediate appeal would alleviate. *See Freeman v. Colonial Ins. Co.*, 319 Ark. 211, 890 S.W.2d 270 (1995). When the trial court does not make the required certification, the order is not final for appellate purposes. *Id.*

Conversely, Arkansas Rule of Appellate Procedure – Civil 2(a)(4) provides that an appeal may be taken from a circuit court to the Arkansas Supreme Court from an order which strikes out an answer, or any part of an answer, or any pleading in an action. The

---

[1] The trial court's order reflects that the motion for a stay of further proceedings was granted to allow the appellant to file a petition for a writ of prohibition.

Arkansas Supreme Court has held that the specific provision for appeal when an answer is stricken must control over the general provisions contained in Ark. R. App. P.–Civil 2(a)(1) and Ark. R. Civ. P. 54(b). *Arnold Fireworks Display, Inc. v. Schmidt*, 307 Ark. 316, 820 S.W.2d 444 (1991). Therefore, even though the trial court's ruling is not a final, appealable order because damages have not been tried, the specific rule supplied in Ark. R. App. P.–Civ. 2(a)(4) controls.

Appellant's first point on appeal is whether the trial court erred in striking appellant's amended answer to the complaint, denying the motion to set aside default judgment and dismiss, and granting appellee's motion to substitute parties, because appellee did not have standing and the trial court was without jurisdiction due to appellee's failure to follow federal substantive bankruptcy law concerning pre-bankruptcy petition claims. The standard of review for denial of a motion to set aside a default judgment is whether the trial court abused its discretion. *B & F Eng'g, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). Appellant argues that this case is analogous to wrongful-death claims and survival claims in that, where plaintiffs fail to follow substantive procedures for filing, the complaints are a nullity and courts are without jurisdiction to consider them. *Ramirez v. White County Circuit Court*, 343 Ark 372, 38 S.W.3d 298 (2001).

Congress, pursuant to the United States Constitution, Article 1, Section 8, establishes uniform laws on the subject of bankruptcy. The bankruptcy trustee is the primary person responsible for marshaling the assets of the bankrupt estate and for administering the claims and debts of the debtor. 11 U.S.C. § 541(a) (1994). The debtor has the duty to schedule assets and to cooperate with the trustee in the performance of his statutory duties. 11 U.S.C. § 521(1), (3) (1994). The estate encompasses all legal or equitable interest of the debtor in property as of commencement of the case. 11 U.S.C. § 541(a)(1).

All property of the estate remains in the estate and does not vest in the interest of the debtor unless: (1) after notice and hearing the trustee abandons the property; (2) the court orders abandonment of property that is burdensome to the estate or of inconsequential value and benefit; or (3) the property is scheduled as an asset and is not otherwise administered in the bankruptcy. 11 U.S.C. § 554(a)-(c) (1994). However, unscheduled assets never

vest in the debtor and the property remains in the estate even after the bankruptcy case is closed for all other purposes. 11 U.S.C. § 554(d).

When a trustee is appointed to administer the property of the estate in bankruptcy, he has the exclusive right to prosecute causes of action that are the property of the bankrupt estate. 11 U.S.C. §§ 323(a)-(b), 704(1) (1994). Causes of action that accrue prior to the filing of a petition for relief under the Bankruptcy Act are property of the estate. *Bratton v. Mitchell, Williams, Selig, Jackson & Tucker*, 302 Ark. 308, 788 S.W.2d 955 (1990). These claims include those that were filed by the debtor after discharge, as long as the cause of action had accrued prior to the filing of bankruptcy. *U.S. ex rel. Gebert v. Transport Admin. Servs.*, 260 F.3d 909 (8th Cir. 2001). The cause of action must have been abandoned by the trustee in order for it to be pursued by the debtor. *Bratton, supra.*

■ Appellant argues that, like a wrongful-death action, bankruptcy law is statutory, and thereby strictly construed. *Cockrum v. Fox*, 359 Ark. 508, 199 S.W.3d 69 (2004). Failure to follow the proper procedures prevents the court from having jurisdiction over the claims. *Ramirez, supra.* Here, the claim could only have been brought by the trustee of the estate in bankruptcy. Appellee's failure to follow federal law renders her initial complaint void ab initio. By substituting the trustee, she attempts to save her claim from being time barred. However, the Arkansas Supreme Court has held that a complaint filed by a party who did not have standing at the time the complaint was filed does not interrupt the statute of limitations, and motions to substitute the real party in interest are treated as the filing of a new suit. *See St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002); *Ark-Homa Foods, Inc. v. Ward*, 251 Ark. 662, 473 S.W.2d 910 (1971); *Floyd Plant Food Co. v. Moore*, 197 Ark. 259, 122 S.W.2d 463 (1938).

The court in *Floyd Plant Food Co., supra,* held that because the corporation named as the plaintiff in the lawsuit had dissolved before the complaint was filed, and the Federal Chemical Company took over all its assets, including the notes that were the subject of the lawsuit, the statute of limitations was not tolled by the filing of the suit by a party with no interest. An actual party in interest cannot be substituted for one who has no cause of action at a time when the action would have been barred by limitations but for the previous institution of proceedings. *Floyd Plant Food Co.,*

*supra.* Further, the Eighth Circuit Court of Appeals held in *U.S. ex rel. Gebert, supra,* that a debtor is judicially estopped from pursuing pre-petition claims where the debtor failed to disclose the claim in the bankruptcy.

■■ Here, the cause of action accrued on the date of the oral surgery, April 6, 1999. Appellee filed her bankruptcy petition on March 24, 2000, and obtained discharge on July 11, 2000. She did not list the alleged malpractice claim as an asset or contingent asset of the estate. Therefore, the alleged medical-malpractice claim accrued before appellee filed for bankruptcy relief and she was required to disclose the claim to the trustee. Appellee did not have standing to file the lawsuit against appellant, only the trustee did. Appellee did not petition the bankruptcy court to obtain an order abandoning the property under 11 U.S.C. § 554. When, after appellant's objections to her standing, appellee filed a motion to substitute the bankruptcy trustee as the real party in interest, the statute of limitations for medical-malpractice claims had run. Therefore, appellee did not having standing to file the complaint, and the trial court erred in granting the motion to substitute the trustee as the real party in interest, as the statute of limitations prevents a medical-malpractice claim from being filed more than two years after the alleged wrongful act. Ark. Code Ann. § 16-114-203 (Supp. 2001). Further, the court erred in denying the appellant's motion to set aside default judgment and dismiss based upon the appellee's lack of standing.

Because the malpractice claim was void ab initio, this court does not address the remaining points on appeal.

We reverse and dismiss.

PITTMAN, C.J., and GLOVER, J., agree.