2010 Ark. App. 264

**Sandra HOBSON, Appellant**

v.

**Donald HOLLOWAY, Appellee.**

**No. CA 09–777.**

Court of Appeals of Arkansas.

March 17, 2010.

Rehearing Denied April 28, 2010.

Michael A. Leboeuf, James C. Baker, Jr., Little Rock, AR, for appellant.

Kimberly Dickerson Young, Little Rock, AR, for appellee.

WAYMOND M. BROWN, Judge.

Based upon a finding that Sandra Hobson was not the real party in interest, the Prairie County Circuit Court granted Donald Holloway's motion for summary judgment, resulting in the dismissal of Hobson's negligence claim against him. The circuit court so ruled because Hobson filed her complaint while her Chapter 7 bankruptcy estate was still open. We hold (1) that the bankruptcy trustee had not abandoned Hobson's claim at the time she filed her complaint, (2) that the entire claim was still part of the estate at the time the bankruptcy estate was filed, and (3) that any misinterpretation of an order from a different judge was irrelevant because Hobson could do nothing to revive her null complaint. Thus, the circuit court was correct in granting the motion for summary judgment, and we affirm.

Holloway allegedly rear-ended Hobson's car while the two were driving on Highway 70 in Biscoe on September 28, 2004. She filed for Chapter 7 bankruptcy in May 2006. She listed the claim against Holloway as an asset, valued it at $13,085.20, and claimed that it was exempted property under the bankruptcy code. The bankruptcy court granted Hobson a discharge in August 2006. After the bankruptcy estate was closed, the bankruptcy trustee received a letter indicating that Hobson's negligence claim may have been worth more than originally anticipated. At the trustee's request, the bankruptcy court reopened the estate in June 2007 to allow the trustee to consider taking action in the negligence claim. By order entered September 12, 2007, the bankruptcy court observed that no party had filed any pleadings since it reopened the bankruptcy estate, and it warned that it would re-close the estate absent a showing of cause for keeping it open. The court re-closed the estate on September 26, 2007.

Hobson filed a complaint in circuit court on September 25, 2007—one day before the bankruptcy court re-closed the case and three days before the expiration of the statute of limitations. Holloway eventually responded by filing a summary-judgment motion. He argued that Hobson lacked standing to file her complaint, as the bankruptcy trustee was the real party in interest. In August 2008, the court (by Judge Bill Mills) gave the bankruptcy trustee two months to either claim an interest in the

lawsuit or ratify Hobson's actions. The trustee took no action related to this lawsuit within the time period. After Holloway brought the trustee's lack of action to the attention of the circuit court, it (by Judge Thomas Hughes) held a |₃hearing on the motion for summary judgment. The circuit court granted Holloway's motion, and this appeal followed.

The only issue before us is whether the circuit court erred in granting Holloway's motion for summary judgment. Hobson's contentions are (1) that her claim was abandoned by the bankruptcy trustee, (2) that her claim was exempted property, (3) that her claim for lost wages did not constitute estate property, and (4) that Judge Hughes misinterpreted Judge Mills's August 2008 order. In reviewing the grant of summary judgment, we would normally view the evidence in the light most favorable to Hobson (the party resisting the motion) and resolve any doubts and inferences against Holloway (the moving party).[1] But because the parties do not dispute the relevant facts, we simply determine whether Holloway was entitled to judgment as a matter of law.[2] Further, the question of Hobson's standing to bring suit is a matter of law for this court to decide de novo.[3]

▆▆▆ Legal claims that accrue before the filing of a bankruptcy petition are property of the bankruptcy estate.[4] A debtor lacks standing to prosecute a claim in his or her own name absent abandonment by the bankruptcy trustee.[5] A complaint filed by a party who lacks |₄standing is a nullity and has no legal effect.[6] Such a complaint does not interrupt the statute of limitations, and motions to substitute the real party in interest are treated as the filing of a new suit.[7] Thus, unless Hobson's claim was abandoned by the bankruptcy trustee, she had no standing to file her complaint against Holloway. Her complaint would have no legal effect and, because the statute of limitations has elapsed, she would be barred from pursuing her claim.

▆▆▆ Hobson argues that her claim was indeed abandoned at the time she filed her complaint. Unless the court orders otherwise, a scheduled asset is considered abandoned to the debtor if it is not administered in the bankruptcy.[8] Hobson's claim was a scheduled asset, but she filed her complaint one day before the bankruptcy estate was closed. Though the claim may have been abandoned when the bankruptcy court closed the estate the first time, the claim lost its "abandoned" status when the bankruptcy court reopened the estate for the purpose of allowing the trustee to consider pursuing the claim.[9] There is support for the position

1. See Luu v. Still, 102 Ark.App. 11, 279 S.W.3d 481 (2008).

2. Id.

3. Pulaski County v. Ark. Democrat–Gazette, Inc., 371 Ark. 217, 264 S.W.3d 465 (2007).

4. Fields v. Byrd, 96 Ark.App. 174, 239 S.W.3d 543 (2006).

5. Bratton v. Mitchell, Williams, Selig, Jackson & Tucker, 302 Ark. 308, 788 S.W.2d 955 (1990) (citing Vreugdenhil v. Hoekstra, 773 F.2d 213 (8th Cir.1985)).

6. Bibbs v. Community Bank of Benton, 375 Ark. 150, 289 S.W.3d 393 (2008).

7. St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County, 348 Ark. 197, 73 S.W.3d 584 (2002).

8. 11 U.S.C. § 554(c) (2006).

9. See Figlio v. Am. Mgmt. Servs., Inc. (In re Figlio ), 193 B.R. 420, 424 (Bankr.D.N.J. 1996) (finding that the term "closed" means "finally closed"); see also Compass Bank for Savings v. Billingham (In re Graves ), 212 B.R. 692 (1st Cir. BAP 1997) (discussing three approaches, but adopting the one in Figlio ).

that a lack of standing may be cured by the later abandonment of a claim where the debtor has made an "understandable mistake" by suing in his or her own name.[10] But our supreme court has held that it is not an understandable mistake to sue in the name of the wrong person where a statute makes it clear who may bring suit.[11] We believe that this holds equally true when our case law clearly identifies the real party in interest in a lawsuit. Therefore, we hold that Hobson's claim was not abandoned at the time she filed her complaint.

■ Alternatively, Hobson asserts that her negligence claim against Holloway was not part of the bankruptcy estate. Under two separate headings, she contends (1) that the claim was exempt from the bankruptcy estate and (2) that part of her claim was for lost future earnings, which she contends are not part of the estate under bankruptcy law.

The commencement of a bankruptcy case creates a bankruptcy estate, and the debtor relinquishes all control of his or her estate upon filing the petition.[12] The bankruptcy code allows the debtor to claim certain property as exempt from distribution.[13] Relevant exemptions here include up to $20,200 for a payment on account of personal bodily injury [14] and loss of future earnings to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.[15] Unless a party in interest objects, the property claimed is considered exempt.[16] Here,

Hobson valued her claim against Holloway at $13,085.20 and listed the entire claim as exempted property, and the record does not show that anyone objected.

Hobson argues that, because no one objected to the exemption, her claim against Holloway is exempted property, making her the real party in interest in the lawsuit. In so. arguing, she relies on the Supreme Court's opinion in *Taylor v. Freeland & Kronz.*[17] There, a bankruptcy debtor claimed the proceeds from an employment-discrimination claim as exempted property. At a meeting of the creditors, the trustee learned that the debtor's claim might be worth $90,000. Thinking that the claim was likely a nullity, the trustee did not object to the exemption. The debtor later settled the claim for $110,000, and the trustee considered the proceeds to be part of the bankruptcy estate. The Supreme Court disagreed, holding that, absent an objection within thirty days of the creditors' meeting, the property claimed as exempt belongs to the debtor and not the estate, even if the exemption was improper. Relying on this holding, Hobson argues that her claim against Holloway is exempt, as the trustee did not object to her listing it as exempted property. Thus, she believes that the claim could be prosecuted in her name.

In response to this argument, Holloway relies on *In re Wick,*[18] where the Eighth Circuit distinguished *Taylor* and reached a different result. There, the debtor

10. *See PM Factors, Inc. v. Kreisel (In re Kreisel* ), 399 B.R. 679 (Bankr.C.D.Cal.2008).

11. *Rhuland v. Fahr,* 356 Ark. 382, 155 S.W.3d 2 (2004).

12. 11 U.S.C. § 541(a) (2006); *In re Dervaes,* 81 B.R. 127 (Bankr.S.D.Fla.1987).

13. *See generally* 11 U.S.C. § 522 (2006).

14. 11 U.S.C. § 522(b)(2), (d)(11)(D).

15. 11 U.S.C. § 522(b)(2), (d)(11)(E).

16. 11 U.S.C. § 522(*l* ).

17. 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

18. 276 F.3d 412 (8th Cir.2002).

claimed an exemption on a contract claim, but listed both the value of the claim and the value of the exemption as "unknown." The debtor eventually received $97,200, and the trustee demanded a portion of the proceeds. Relying on *Taylor*, the debtor believed that she was entitled to the entire amount. The Eighth Circuit disagreed, holding that *Taylor* was inapplicable because the asset in question was only partially exempted and because the debtor claimed only a partial exemption. Holloway contends that, because Hobson's claim appeared to be worth more than she stated when she declared the exemption, the trustee had the authority to object to the exemption and claim the proceeds.

We agree with Holloway. When Hobson valued her claim at less than the amount allowed to be exempted under the statute, the trustee had no reason to object to the exemption. This is in contrast with the trustee in *Taylor*, who had a legitimate reason to challenge the exemption but did not do so. The trustee here did not have a legitimate reason to object to the exemption until he learned that Hobson's claim might have been worth more than the bankruptcy code allowed to be exempted. And he petitioned for the estate to be reopened to specifically address the claim. Because the trustee could still pursue a claim for the proceeds, Hobson's claim was not removed from the bankruptcy estate at the time she filed her complaint.

■ Under a separate point, Hobson contends that part of her claim against Holloway was not part of the bankruptcy estate. Specifically, she notes that she sought damages for lost future earnings, and she asserts that future earnings are not part of the bankruptcy estate. We disagree. Bankruptcy estate property is broadly defined to encompass conditional, future, speculative, and equitable interests, and includes all causes of action the debtor could have brought at the time of the bankruptcy petition.[19] Further, as previously mentioned, the bankruptcy code allows a limited exemption for loss of future earnings.[20] Between this broad definition and the related partial exemption, we do not hesitate to hold that the bankruptcy estate includes Hobson's claim for lost future earnings.

Finally, Hobson argues that Judge Hughes misinterpreted the circuit court's August 27, 2008 order allowing the bankruptcy trustee to assert an interest in the case. She believes that the circuit court did not intend to rule on that day that she was not the real party in interest and that the court was simply giving the trustee an opportunity to either assert or abandon an interest. Even if we were inclined to agree with Hobson, the trustee could not breathe life into the void complaint by either asserting an interest or ratifying her complaint after the fact.[21]

The circuit court correctly ruled that Holloway was entitled to judgment as a matter of law, as Hobson was not the real party in interest when she filed her complaint. The complaint was a nullity, and because the statute of limitations has elapsed, she is barred from pursuing her claim. Accordingly, we affirm.

Affirmed.

HART and GLADWIN, JJ., agree.

19. *U.S. v. Transp. Admin. Servs.*, 260 F.3d 909 (8th Cir.2001); *Bibbs v. Community Bank of Benton*, 101 Ark.App. 462, 278 S.W.3d 564, aff'd, 375 Ark. 150, 289 S.W.3d 393 (2008).

20. *See* note 13 and accompanying text.

21. *See Bibbs v. Community Bank of Benton*, 375 Ark. 150, 289 S.W.3d 393 (2008).