
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–16–290

REUBEN BARNES AND MARGARET
BARNES

APPELLANTS

V.

OZARKS COMMUNITY HOSPITAL OF
GRAVETTE CLINIC AND WILLIAM F.
WEBB, M.D.

APPELLEES

Opinion Delivered: January 25, 2017

APPEAL FROM THE BENTON
COUNTY CIRCUIT COURT
[NO. 04CV-14-810-2]

HONORABLE BRAD KARREN,
JUDGE

AFFIRMED

## BART F. VIRDEN, Judge

Reuben and Margaret Barnes (hereinafter "the Barneses") appeal the Benton County Circuit Court's decision awarding summary judgment in favor of Ozarks Community Hospital of Gravette Clinic and Dr. William F. Webb (hereinafter "Ozarks"). On appeal, the Barneses argue that the circuit court erred in awarding summary judgment based on its misinterpretation of 11 U.S.C. section 554. The Barneses also assert that the circuit court order granting summary judgment constituted an improper collateral attack on the federal bankruptcy court proceedings. In the alternative, the Barneses argue that if the circuit court's interpretation of 11 U.S.C section 554 was correct, then the circuit court erred when it found that Arkansas Rule of Civil Procedure 17(a) did not apply under the facts of this case. We find no error and affirm.

I. *Facts*

In May 2013, the Barneses filed a bankruptcy petition and listed a medical–malpractice claim against Ozarks in the schedule of assets. On June 16, 2014, the trustee entered a "Final Account and Distribution Report Certification that the Estate has been Fully Administered and Application to be Discharged" ("Final Account"). On line 27 of the "Individual Estate Property Record and Report Asset Cases" form, a "Potential Medical Malpractice Action" with an unscheduled value of $45,950 was designated "FA," or "fully administered." In the Final Account a column runs throughout the entire list of assets in which the trustee is instructed to make the notation "OA" if the asset on that line has been abandoned pursuant to 11 U.S.C. section 554(a). The column for line 27, or "Potential Medical Malpractice Action" had been left blank.

On the same day the Final Account was entered, the Barneses filed a complaint against Ozarks, contending that, as a result of Dr. Webb's failure to diagnose Reuben Barnes' Rocky Mountain Spotted Fever, Reuben had become blind, and he and his wife were entitled to damages and costs. On April 24, 2015, Ozarks filed a motion for summary judgment in which it argued that the Barneses did not have standing to file their complaint because the malpractice claim had not been abandoned at that time; therefore, only the trustee could have filed the claim on that date. Ozarks attached the trustee's Final Account to its motion, which listed the potential medical–malpractice claim among the assets. Ozarks argued that because the Barneses had no standing to file, the complaint was a nullity. The Barneses responded that the claim had been abandoned by the bankruptcy trustee on June 16, 2014, pursuant to 11 U.S.C. section 554(a), and they had a right to pursue the claim.

The circuit court awarded summary judgment in favor of Ozarks. In the written order filed July 31, 2015, the circuit court found that the medical malpractice claim had not been abandoned by the bankruptcy trustee under section 554(a); therefore, when the Barneses filed the complaint on June 16, 2014, they lacked standing. The circuit court found that the complaint, filed without standing, was a nullity. The circuit court additionally found that abandonment of the medical malpractice claim at the close of the bankruptcy case, pursuant to section 554(c), would not have occurred until July 23, 2014, and that the statute of limitations on the medical malpractice claim expired on June 19, 2014. The circuit court found that Arkansas Rule of Civil Procedure 17 did not apply because the Barnes' complaint was a nullity and because there was no understandable mistake that would allow for the application of the rule. The Barneses filed a timely notice of appeal.

II. *Standard of Review and Applicable Law*

A. Abandonment of the Malpractice Claim and Standing

Summary judgment is to be granted by the circuit court only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Killian v. Gibson*, 2012 Ark. App. 299, at 6, 423 S.W.3d 98, 101. In reviewing a grant of summary judgment, an appellate court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Id.* This court views the evidence in the light most favorable to the party against whom the motion for summary judgment was filed and resolves all doubts and inferences against the moving party. *Id.*

3

When the proof supporting a motion for summary judgment is sufficient, the opposing party must meet proof with proof, and the failure to do so leaves the uncontroverted facts supporting the motion accepted as true for purposes of the motion. *See Inge v. Walker*, 70 Ark. App. 114, 15 S.W.3d 348 (2000). In response to a motion for summary judgment, the supporting material must set forth specific facts showing that there is a genuine issue of fact for trial. *Mount Olive Water Ass'n v. City of Fayetteville*, 313 Ark. 606, 856 S.W.2d 864 (1993).

We recognize a "shifting burden" in summary-judgment motions, in that while the moving party has the burden of proving that it is entitled to summary judgment, once it has done so, the burden then shifts to the nonmoving party to show that material questions of fact remain. *See Ford v. St. Paul Fire & Marine Ins. Co.*, 339 Ark. 434, 5 S.W.3d 460 (1999). When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact. *Hughes Western World v. Westmoor Mfg.*, 269 Ark. 300, 601 S.W.2d 826 (1980).

The Barneses and Ozarks agree that the medical-malpractice claim was abandoned by the trustee pursuant to 11 U.S.C. section 554; however, the parties disagree on the question of whether the documents submitted to the court indicate that the claim was abandoned pursuant to subsection (a) or pursuant to subsection (c). 11 U.S.C. section 554 sets forth the following:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

Ozarks and the Barneses agree that the column in the individual estate-property record and report that was attached to the Final Account, designated as the place where the trustee should indicate that he wished to abandon the malpractice claim under subsection (a), was left empty. Ozarks argued in its motion for summary judgment that the empty column indicated that the claim had not been abandoned pursuant to subsection (a), and that the claim was automatically abandoned pursuant to subsection (c)—when the bankruptcy case was closed, and after the statute of limitations had run.

The Barneses argued in response that the dollar amount of the abandoned assets that was shown on the Final Account, $663,457, could only be reached if the $45,950 medical-malpractice claim was included in that overall amount; thus, the medical-malpractice claim must have been previously abandoned by the trustee. The Barneses, in essence, asked the court to infer from the amounts of the assets that the malpractice claim must have been included in the overall amount.

The circuit court, citing *Stanley v. Sherwin Williams Co.*, 156 B.R. 25 (1993), found that a proposal of abandonment must be "unequivocal" and that it "is neither desirable nor consistent with section 554 to return to the practice of attempting to determine the trustee's intent." Based on that reasoning, the circuit court found that the Barneses had not

demonstrated that the claim had been abandoned pursuant to subsection (a), and thus, the Barneses did not have standing to file the claim when they did so.

We have held that inferences to be drawn from undisputed facts must be more than mere possibilities; they must be such that "reasonable minds" would come to "reasonably" different hypotheses. *Flentje v. First Nat.'l Bank of Wynne*, 340 Ark. 563, 573, 11 S.W.3d 531, 538 (2000). Examining the abstract and record, it is evident that no such reasonable inferences are present and that the Barneses thus failed to "meet proof with proof." Ozarks presented the fact that, within the bankruptcy trustee's Final Report, the column in which abandonment pursuant to 11 U.S.C section 554(a) should have been noted was left blank. The Barneses failed to present uncontroverted facts to support their argument that the claim was abandoned pursuant to subsection (a), which left the uncontroverted fact supporting Ozarks's motion accepted as true for purposes of their motion.

We hold that the circuit court did not err in finding that the Barneses failed to show that a genuine issue of material fact remained, or that reasonable, differing inferences could have been drawn from the undisputed facts. On this point we affirm.

## B. Collateral Attack

The Barneses argue that the circuit court's order granting summary judgment constituted an impermissible collateral attack on a federal bankruptcy court proceeding. The Barnes' point is not well taken, and we affirm.

A direct attack on a judgment is an attempt to amend it, correct it, reform it, vacate it, or enjoin its execution in a proceeding instituted for that purpose. *Council of Co-Owners for Lakeshore Resort & Yacht Club Horizontal Prop. Regime v. Glyneu, LLC*, 367 Ark. 397, 405,

SLIP OPINION

240 S.W.3d 600, 607 (2006). An attack is direct where the proceeding in which it is made is brought for the purpose of impeaching or overturning the judgment, and collateral if made in any manner other than by a proceeding the very purpose of which is to impeach or overturn the judgment. *Id.*

Absent allegations of fraud or lack of jurisdiction, a judgment entered by a circuit court bears presumptive verity and may not be questioned by collateral attack. *Fed. Nat'l Mortg. Ass'n v. Taylor*, 2015 Ark. 78, at 6, 455 S.W.3d 811, 815

The circuit court did not attack a bankruptcy court judgment setting forth that the malpractice claim was abandoned under 11 U.S.C. section 554(a). In no way did the circuit court modify, overturn, or in any way invalidate the Final Report entered by the bankruptcy court. The circuit court recognized the Final Report as evidence aiding in its determination of the issue of summary judgment. The Barneses' argument concerning impermissible collateral attack has no merit. On this point we affirm.

### C. Arkansas Rule of Civil Procedure 17(a)

In the alternative, the Barneses assert that, if the claim had was not abandoned pursuant to subsection (a), then the circuit court erred when it found that no understandable mistake occurred that would allow the Barneses to invoke Arkansas Rule of Civil Procedure 17(a). We hold that the circuit court did not err in refusing to apply Rule 17(a), and we affirm.

Arkansas Rule of Civil Procedure 17(a) sets forth that

> [n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . .

In *Hobson v. Holloway*, 2010 Ark. App. 264, at 4–5, 377 S.W.3d 376, 379, our court has acknowledged that a lack of standing may be cured by the later abandonment of a claim where the debtor has made an "understandable mistake" by suing in his or her own name; however, in *Hobson*, we also stated that "it is not an understandable mistake to sue in the name of the wrong person where a statute makes it clear who may bring suit."

In *Bibbs v. Community Bank of Benton*, 375 Ark. 150, 159, 289 S.W.3d 393, 399 (2008) our supreme court held:

> In the instant case, when the original complaint was filed on August 8, 2005, the real parties in interest were Bibbs's and Mason's bankruptcy trustees. We have held in this opinion that the Bankruptcy Code clearly provides that a trustee, and only a trustee, has standing to prosecute causes of action that are property of the Chapter 7 bankruptcy estate. 11 U.S.C. §§ 323, 701(1). The determination of the real party in interest was not difficult for the appellants in this case; nor was there an understandable or excusable mistake by Bibbs and Mason in this regard. (See *Rhuland v. Fahr*, 356 Ark. 382, 155 S.W. 3d 2 (2004)) (not understandable mistake when wrongful-death statute specifically detailed who may bring suit).

The trustee is the "legal representative" of the bankrupt estate, with capacity to sue and be sued. 11 U.S.C. § 323; *See Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir. 1985). Legal claims that accrue before the filing of a bankruptcy petition are property of the bankruptcy estate. *Fields v. Byrd*, 96 Ark. App. 174, 239 S.W.3d 543 (2006). A debtor lacks standing to prosecute a claim in his or her own name absent abandonment by the bankruptcy trustee. *Bratton v. Mitchell, Williams, Selig, Jackson & Tucker*, 302 Ark. 308, 788 S.W.2d 955 (1990).

The U.S. Code clearly sets forth that "the trustee in a case under this title has capacity to sue and be sued." 11 U.S.C.A. § 323 The circuit court did not err in finding that there was no understandable mistake.

It is well established that Arkansas Rule of Civil Procedure 17(a) does not apply when the original complaint filed is a nullity. *See Brewer v. Poole*, 362 Ark. 1, at 15, 207 S.W.3d 458, 466 (2005) ("Where the original complaint is a nullity, Rules 15 and 17 are inapplicable because the original complaint never existed; thus, there is no pleading to amend and nothing to relate back."). The circuit court did not err in finding that, based on the Barneses' lack of standing, their complaint was a nullity and thus, Rule 17(a) could not be employed in their favor.

Affirmed.

GLOVER and WHITEAKER, JJ., agree.

*The Hershewe Law Firm, P.C.*, by: *Lauren Peterson*, for appellants.

*Cox, Cox & Estes*, by: *Walter Cox*; and *Hyde, Love & Overby, LLP*, by: *Kent O. Hyde* and *Shannon A. Vahle*, for appellees.