CLARENDON NATIONAL INSURANCE COMPANY *v.*
Stanley ROBERTS and Rick Turman

CA 02-1205                                    120 S.W.3d 141

Court of Appeals of Arkansas
Division III
Opinion delivered June 18, 2003

Appeal from Crittenden Circuit Court; *David Burnett*, Judge; affirmed.

*Reid, Burge, Prevallet & Coleman*, by: *Richard A. Reid*, for appellant.

*Woodruff Law Firm, P.A.*, by: *Arlon L. Woodruff*, for appellees.

OLLY NEAL, Judge. Appellant, Clarendon National Insurance Company, (Clarendon) appeals the grant of the appellees', Stanley Roberts and Rick Turman, motion for summary judgment. Clarendon raises the following issues on appeal: (1) the trial court erred when it failed to find that the policy language was a condition precedent to coverage and that the appellees had failed to comply with the language of the policy;(2) the trial court erred in finding that there was an enforceable insurance contract when the appellees failed to pay the insurance premium. We affirm.

The appellees own thoroughbred racing horses. Clarendon is an insurance company that issues animal mortality policies. The appellees had an animal mortality policy with Clarendon that provided coverage for all of their animals. The policy also contained an automatic extension provision that provided for coverage of subsequently acquired animals.

On February 5, 2000, the appellees purchased a horse, "Ackadackadoo," at a $20,000 claiming race. During the race, the horse was injured and had to be put to death that same day. The appellees notified Clarendon's agent of the acquisition and loss on February 28, 2000. Clarendon denied coverage, contending that the terms of the automatic extension provision were not complied with, in that the appellees had failed to pay the premium on the new acquisition and failed to provide notice of the acquisition within five days of the actual acquisition. The appellees filed suit alleging that the policy provided automatic coverage. Both parties moved for summary judgment. Clarendon argued that compliance with the terms of the automatic extension provision was a condition precedent to coverage. The appellees argued that notice was irrelevant because the automatic extension provision provided for automatic coverage.

The trial court denied Clarendon's motion for summary judgment and granted the appellees' motion for summary judgment. The trial court found that the policy provided automatic coverage and awarded the appellees $20,000 for their loss. Clarendon only appeals the grant of the appellees' motion for summary judgment.

■ Normally, on a summary-judgment appeal, the evidence is viewed in the light most favorable to the party resisting the motion, and any doubts and inferences are resolved against the moving party. *Tunnel v. Progressive Northern Ins. Co.*, 80 Ark. App. 215, 95 S.W.3d 1 (2003). But in a case where the parties agree on the facts, we simply determine whether the appellee was entitled to judgment as a matter of law. *Id.* When parties file cross-motions for summary judgments, as was done in this case, they essentially agree that there are no material facts remaining, and summary judgment is an appropriate means of resolving the case. *Id.*

■ The policy language at issue provides:

> C. AUTOMATIC EXTENSION FOR SECTION III COVERAGE
>
> 1. If YOU insure all of YOUR animals (that YOU insure) with US, all animals subsequently acquired through claiming or bona fide auction will be covered *automatically* by this policy. OUR limit of liability for such animals will not exceed the lesser of:
>
>    a. the claiming price or the final bid; or
>    b. $50,000.00
>
> 2. This amount of insurance
>
>    a. will apply only to YOUR interest in the animal; and
>    b. *is subject to OUR receiving notice that insurance is desired within 5 calendar days from time of acquisition, and in consideration of the premium paid.*

(Emphasis added.) A cardinal rule of insurance law is that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer. *Keller v. Safeco Ins. Co.*, 317 Ark. 308, 877 S.W.2d 90 (1994). Any ambiguity found in the

insurance contract is to be construed against the insurer since the insurer wrote the policy without any consultation with the insured. *Countryside Cas. Co. v. Grant*, 269 Ark. 526, 601 S.W.2d 875 (1980). An ambiguity exists when a provision is susceptible to more than one reasonable interpretation. *Keller v. Safeco Ins. Co.*, *supra*.

Clarendon argues that the failure to give notice of either the acquisition or loss of the horse within five days prevented any recovery under the policy. Clarendon further argues that compliance with the terms of the provision was a condition precedent to coverage. In contrast the appellees read the provision as providing automatic coverage for a period of five days following the acquisition of an animal; they further interpret the language to read that notice of acquisition and loss is only necessary to support proof of loss and a demand for payment. The appellees also read the provision as requiring them to notify Clarendon prior to expiration of the five-day automatic insurance period if they desire to extend coverage beyond the five-day period.

The language in the provision here at issue is susceptible to either interpretation; therefore, the language in the provision is ambiguous. Thus, construing the language of the provision against Clarendon, we hold that under the facts herein, the horse was insured at the time of acquisition pursuant to the automatic insurance provision. The horse was also insured at the time of the loss, which was only a few minutes after the horse's acquisition. At no time prior to the loss did the horse become uninsured.

In *Horace Mann Mutual Casualty Co. v. Bell*, 134 F.Supp. 307 (W.D. Ark. 1955), the district court interpreted an automatic insurance provision involving newly acquired vehicles. The district court held that despite having partial coverage on the newly acquired vehicle with another company the insured was not precluded from having coverage under the automatic insurance policy that was at issue. The district court explained:

> [T]here is nothing to require the insured to insure his newly acquired vehicles with the company in order to take advantage of the 30-day automatic insurance on the new vehicle. For that matter, he may wait 30 days, having free automatic insurance during that time, and then purchase insurance on the new vehicle from another company.

*Id.* at 312. The provision at bar is analogous to an automatic insurance provision found in an automobile policy; therefore, appellees did not have to do anything to take advantage of the five-day automatic insurance coverage, and following the expiration of the five-day automatic insurance period, appellees were free to explore other insurance opportunities.

■ ■ Clarendon also argues that the trial court erred when it found there was an enforceable contract of insurance on the horse when the appellees had failed to tender an insurance premium. An insurance policy is a contract between the insurer and insured. *Southern Farm Bureau Cas. Ins. Co. v. Craven,* 79 Ark. App. 423, 89 S.W.3d 369 (2002). The premium is the consideration for the insurance. *Farm Bureau P. H. v. FM. Bureau Mut. Ins. Co.,* 335 Ark. 285, 984 S.W.2d 6 (1998). In situations involving automatic insurance on vehicles, it has been said that the consideration is the premium or premiums paid by the insured on his previously owned vehicles. *Horace Mann Mut. Cas. Co. v. Bell, supra.* As stated earlier, the present situation is analogous to that involving automatic insurance on a vehicle. Accordingly, the proper consideration was the premium or premiums paid by the appellees on their other animals. Therefore, the parties had an enforceable contract.

■ We hold that the trial court did not err when it failed to find that the policy language was a condition precedent to coverage and when it found that there was an enforceable insurance contract. Therefore, the trial court's grant of the appellees' motion for summary judgment was proper, and we affirm.

Affirmed.

STROUD, C.J., and CRABTREE J., agree.