Cindy LUU *v.* Dr. Eugene F. STILL, II

CA 07-852                                                           279 S.W.3d 481

Court of Appeals of Arkansas
Opinion delivered March 12, 2008

[Rehearing denied April 23, 2008.]

---

[1] *Hill v. State*, 81 Ark. App. 178, 100 S.W.3d 84 (2003).

*Charles R. Karr, P.A.*, by: *Charles R. Karr*, for appellant.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *E. Diane Graham* and *Victor L. Crowell*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Cindy Luu brought a medical malpractice action against appellee Dr. Eugene F. Still, II, and Crawford Memorial Hospital. She subsequently settled her claim against Crawford Memorial, and an order was entered dismissing appellant's claim against Crawford Memorial with prejudice. Sometime later, Dr. Still filed a motion for summary judgment on the basis that the settlement agreement and release that released Crawford Memorial also discharged all hospital employees, which included him. After a hearing, the trial court granted Dr. Still's motion for summary judgment. On appeal, Ms. Luu argues that the trial court erred in granting appellee's summary-judgment motion. We agree, and we reverse and remand.

Ms. Luu filed her complaint against Dr. Still and Crawford Memorial on June 24, 2003. In the complaint, she asserted medical malpractice and resultant damages related to bilateral breast reduction surgery performed by Dr. Still at Crawford Memorial on June 29, 2001. Ms. Luu alleged that as a result of the defendants' violation of the standard of care and negligence, she sustained a serious and permanent medical injury, resulting in medical expenses, lost wages, pain and suffering, and disfigurement. Dr. Still and Crawford Memorial filed timely answers to the complaint, denying liability and requesting that Ms. Luu's complaint be dismissed.

On September 28, 2004, Ms. Luu and Crawford Memorial entered into their settlement agreement and release, which named the "defendant" as "Van Buren H.M.A., Inc., d/b/a Crawford Memorial Hospital, its agents, servants, employees, successors and assigns." The agreement provided, in pertinent part:

**Recitals**

A. On or about June 29, 2001, Plaintiff was admitted to Crawford Memorial Hospital in Van Buren, Arkansas. It is alleged by Plaintiff that during this admission, certain negligent acts, includ-

ing acts of omission and commission, by Defendant, its agents, servants and employees, resulted in an injury to Plaintiff. These events, referred to herein as the "Occurrence," have resulted in a lawsuit being filed by Plaintiff based on theories of medical negligence.

B. The Plaintiff desires to enter into this Settlement Agreement and Release upon the terms and conditions set forth herein in order to provide for certain payments in full settlement and discharge of all claims which have been or might be made by reason of the Occurrence described in Recital A above.

**Agreement**

The Parties agree as follows:

1.0 Release and Discharge

1.1 In consideration of the payments set forth in Section 2, Plaintiff does hereby completely release and forever discharge the Defendant, its agents, servants and employees, from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on tort, contract or other theory of recovery, which the Plaintiff may now have, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of the occurrence described in Recital A above, including, without limitation, any and all known or unknown claims for bodily and personal injuries to Plaintiff, or any future wrongful death claim of Plaintiff's representatives or heirs, which have resulted or may result from the alleged acts or omissions of the Defendant.

1.2 This release and discharge shall also apply to the Defendant's present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, and assigns and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated.

1.3 This release, on the part of the Plaintiff, shall be a fully binding and complete settlement between the Plaintiff and the Defendant and its agents, servants, employees, heirs, assigns and successors.

1.4 Plaintiff acknowledges and agrees that the release and discharge set forth above is a general release. Plaintiff expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but of which the Plaintiff does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect the decision to enter into this Settlement Agreement. Plaintiff further agrees to accept payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact. Plaintiff assumes the risk that the facts or law may be other than Plaintiff believes. It is understood and agreed to by the Parties that this settlement is a compromise of a doubtful and disputed claim, and the payments are not to be construed as an admission of liability on the part of the Defendant by whom liability is expressly denied.

On October 8, 2004, the trial court entered an order of dismissal reciting that "the above matter is hereby dismissed with prejudice as against separate Defendant, Van Buren H.M.A., Inc., d/b/a Crawford Memorial Hospital."

Ms. Luu obtained an order of dismissal without prejudice as to Dr. Still on February 22, 2005. On February 22, 2006, Ms. Luu refiled her complaint against Dr. Still, alleging the same acts of negligence as in her original complaint. Dr. Still filed a timely answer on June 22, 2006, denying liability and affirmatively pleading the settlement agreement as a bar to Ms. Luu's claims. Dr. Still's motion for summary judgment was filed on June 29, 2006, wherein he asserted that it was undisputed that at all relevant times he was an employee of Crawford Memorial, and that as such he was released by the settlement agreement. Ms. Luu filed a response resisting appellee's summary-judgment motion on August 7, 2006. After a hearing on the motion, the trial court entered summary judgment in favor of Dr. Still on January 26, 2007, thereby dismissing the claims of Ms. Luu against Dr. Still with prejudice. Ms. Luu has timely appealed from that order.

Ms. Luu's argument on appeal is that the trial court erred in ruling that the settlement agreement between appellant and Crawford Memorial was sufficient to discharge Dr. Still from liability. While the release provides that it applies to the hospital's employees, Ms. Luu asserts that she did not allege in her complaint that Dr. Still was an employee, or that the hospital was vicariously liable for his acts of negligence. Ms. Luu notes that neither of the defendants'

initial answers identified Dr. Still as an employee, and maintains that she assumed he was an independent contractor. The settlement negotiations were strictly between Ms. Luu and Crawford Memorial, with no participation by Dr. Still, and the order of dismissal only identified "separate Defendant, Van Buren H.M.A., Inc., d/b/a Crawford Memorial Hospital." Given these circumstances, Ms. Luu contends that there was never any intention on the part of appellant or the hospital to release Dr. Still from liability, and that Dr. Still was not released.

The applicable statute is Ark. Code Ann. § 16-61-204 (Repl. 2005), which provides:

> A release by the injured person of one (1) joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides; but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid.

In her brief, Ms. Luu relies on *Moore v. Missouri Pacific Railroad*, 299 Ark. 232, 773 S.W.2d 78 (1989), where our supreme court stated that in enacting the statute it was the clear intention of the Arkansas Legislature to abrogate the common law rule that a release of one tortfeasor released all other tortfeasors jointly liable for the occurrence, thereby retaining the liability of joint tortfeasors. The supreme court further concluded that in order to satisfy the language of the statute, a release must name or otherwise specifically identify the tortfeasors to be charged, and broad boilerplate language is not sufficient. The undisputed facts in *Moore* were that the passenger in an automobile was severely injured, and later died, as the result of a collision with a train. The passenger's representative executed a settlement with the automobile driver's insurance company, which released "any and all persons, associations and corporations, whether herein named or referred to or not." The surviving heirs subsequently sued the Missouri Pacific Railroad and the engineer of the train, but summary judgment was entered for the defendants on the ground that the release executed on behalf of the automobile driver inured to their benefit. The supreme court reversed, holding that the boilerplate language in the release did not specifically identify Missouri Pacific or the train engineer, and thus did not have the effect of releasing them.

In the present case, Ms. Luu argues that, similar to *Moore*, *supra*, the boilerplate language of the release failed to specifically identify the defendant relying on the release. Ms. Luu asserts that if Crawford Memorial had intended to have Dr. Still released, it most assuredly would have named him in the settlement agreement. Ms. Luu contends that simply releasing its "employees" was insufficient to specifically identify Dr. Still and inure to his benefit.

Normally, on a summary-judgment appeal, the evidence is viewed in the light most favorable to the party resisting the motion, and any doubts and inferences are resolved against the moving party. *Clarendon Nat'l Ins. Co. v. Roberts*, 82 Ark. App. 515, 120 S.W.3d 141 (2003). But in a case where the parties agree on the facts, we simply determine whether the appellee was entitled to judgment as a matter of law. *Id.* Such is the case here, and upon considering the undisputed facts, we hold that the trial court erred in ruling that Dr. Still was entitled to judgment as a matter of law based on his status as an employee and the release executed by Ms. Luu and Crawford Memorial.

█ Dr. Still was not specifically named in the release, and if this was intended it could have been easily accomplished given that Dr. Still was a named defendant along with Crawford Memorial in appellant's medical malpractice complaint, and the hospital was aware of that fact. And under such circumstances, we hold that neither was he specifically identified. The settlement agreement contains broad language that purports to release the hospital's "agents, servants and employees," among numerous others, from any and all past, present, and future claims. Were it not for the fact that Dr. Still had already been sued and identified as an alleged tortfeasor, this language may well have protected Dr. Still as an employee of the hospital. However, where Dr. Still was already a party defendant to the pending litigation, the language in the agreement between Ms. Luu and the hospital was of insufficient specificity to identify Dr. Still as a tortfeasor who was being released from any liability in the matter. Therefore, the trial court erred in granting Dr. Still's motion for summary judgment.

Reversed and remanded.

HART and MILLER, JJ., agree.