2012 Ark. App. 299

**Tim KILLIAN and Tim Killian General Contracting, Inc. APPELLANTS**

v.

**R.A. "Reggie" GIBSON, Sheila Gibson, and Fiesta Bay, LLC, Appellees.**

**No. CA 11–1053.**

Court of Appeals of Arkansas.

April 25, 2012.

J. Sky Tapp, Tapp Law Offices, Hot Springs, for appellants.

William P. Allison, Allison Law Firm, P.A., Little Rock, for appellees.

CLIFF HOOFMAN, Judge.

Appellant Tim Killian appeals the trial court's decision granting partial summary judgment to appellees, R.A. (Reggie) Gibson, R.A. Gibson, Inc., Sheila Gibson, and Fiesta Bay, LLC ("Gibson"), on Killian's complaint for breach of an oral contract between the parties and awarding Gibson $206,192.02 on his counterclaim for breach of contract. On appeal, Killian argues that (1) summary judgment was not appropriate with respect to the contract claims where there were genuine issues of material fact sufficient to present those claims to a jury; (2) the trial court misapplied the *Dillard* case in ruling that the appellants did not meet "proof with proof" because it is too factually distinguishable from this case; and (3) summary judgment was an abuse of discretion as there was a pending motion for forensic accounting that had yet to be decided by the trial court. We affirm the trial court's grant of summary judgment.[1]

Killian filed a complaint against Gibson on February 11, 2009, alleging that Gibson breached their oral contract, under which Killian was to act as general contractor in building condominium projects on land owned by Gibson. According to the undisputed terms of this oral agreement, which began in 2004, Killian was to be paid for labor and materials on a cost plus percentage basis (either 5% or 10% depending on the particular project), by submitting periodic draw requests. Killian alleged that Gibson eventually defaulted on these payments and requested that Killian obtain a loan to cover expenditures, which he obtained. Attached to the complaint is an agreement dated on November 28, 2007, and signed by Gibson, stating that he was responsible for the $351,840.37 loan and that he would make payments to Killian in the amount of $15,000 per month, beginning in January 2008, until the debt was repaid. According to Killian, Gibson made only five payments on this loan, although Killian stated that these payments were mainly for interest due on the loan and that the full amount of the loan was still owed to the bank. Killian alleged in the complaint that Gibson owed this sum, plus $875,000 representing the cost-plus fees owed for three condominium projects. After giving credit for $149,000 in profit from the sale of land given by Gibson to Killian as partial payment, Killian alleged that the total amount owed by Gibson was $1,077,840.37.

In his answer, Gibson moved to dismiss the complaint, denied Killian's allegations that he owed any additional money for the projects, and counterclaimed for breach of contract, fraud and misrepresentation, declaratory judgment, and an accounting of all payments received and expended by Killian under the contract. Gibson claimed that Killian had falsified invoices and that Gibson had also transferred two pieces of property and made additional

---

1. We previously dismissed the appeal due to a lack of a final, appealable order in *Killian v. Gibson*, 2011 Ark. App. 245, 2011 WL 1166867, and it is now before us once again.

payments to Killian for which he was not given credit, and that as a result, he had overpaid Killian.

On October 5, 2009, Gibson filed a motion for partial summary judgment, seeking to have Killian's complaint dismissed and for entry of a partial judgment in favor of Gibson in the amount of $206,192.02 for overpayments made to Killian. Gibson attached his affidavit to the motion and listed all check payments made by him to Killian, which totaled $14,948,837.12. Gibson also attached as an exhibit Killian's discovery response wherein he listed all payments made to him by Gibson, totaling $14,026,601.32. Gibson alleged that he was entitled to additional credit in the amount of $200,000 for a real-estate lot (hereinafter referred to as "Lot 1") deeded to Killian, as well as $161,796.64 for another lot (hereinafter referred to as "Lot 2"). Although Killian had claimed that he received only $149,000 after paying fees associated with selling Lot 2, Gibson attached a settlement statement provided by Killian during discovery that listed the amount received by the seller as $161,796.64. According to Gibson, the total amount that Killian had failed to credit him was $1,284,032.44, which included the additional check payments listed by Gibson in his affidavit and the value of the two lots. Because Killian's complaint sought judgment against Gibson in the amount of $1,077,840.37, Gibson argued that he was instead entitled to a judgment of $206,192.02 against Killian. This motion for partial summary judgment specifically stated that it was not seeking a final judgment for Gibson's cause of action for fraud and misrepresentation and breach of contract.

In his response to the summary-judgment motion, Killian admitted that Gibson had made payments in the amount of $14,026,601.32 but denied that this was the full amount owed under their agreement and asserted that there were material issues of fact regarding whether he was aware of the amount of indebtedness on Lot 2 that was conveyed by Gibson as partial payment. Killian further alleged that Gibson did not mention in his motion the $351,840.37 loan that Gibson had agreed in writing to pay and that was attached to the complaint.

After several further responses by both parties, the trial court held a hearing on the summary judgment motion on April 15, 2010. Following the hearing, the trial court found that Killian had failed to meet "proof with proof" and that there were no genuine issues of material fact remaining. In an order entered on June 15, 2010, the trial court granted summary judgment in favor of Gibson, dismissed Killian's complaint with prejudice, and awarded Gibson $206,192.02. After Gibson filed a motion to nonsuit his remaining counterclaims, the trial court entered an order on July 2, 2010, dismissing the remaining claims without prejudice and stating that the order granting partial summary judgment was a final judgment between the parties. There was no Rule 54(b) certificate in the order. Killian filed a timely notice of appeal from the June 15, 2010 and July 2, 2010 orders.

We dismissed Killian's appeal, however, in an opinion issued on March 30, 2011, due to the lack of a final, appealable order, noting that Gibson had the absolute right to refile his nonsuited counterclaims within one year of the trial court's July 2, 2010 order of dismissal under our savings statute, Ark.Code Ann. § 16–56–126 (Repl. 2005). *Killian v. Gibson*, 2011 Ark. App. 245, 2011 WL 1166867. After the expiration of this one-year time period, another hearing was held, and the trial court then entered a final order on September 6, 2011, stating that Gibson had failed to

refile his counterclaims within one year and that there were no remaining claims left to be litigated by either party. The court also included a Rule 54(b) certificate. Killian filed a notice of appeal from this order on September 8, 2011, stating that he was also appealing from the earlier June 15, 2010 and July 2, 2010 orders.

Gibson first contends that this court lacks jurisdiction to hear the appeal because Killian did not file his new notice of appeal within thirty days of the expiration of the one-year time period provided by the savings statute, which ended on July 3, 2011. Killian, however, argues that he properly and timely filed his notice of appeal within thirty days of the entry of the trial court's final, appealable order on September 6, 2011.[2] We agree with Killian that according to the language in Ark. R.App. P.-Civ. 4(a) (2011), a "notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree, or order appealed from[,]" not from the date when Gibson lost their right to refile their nonsuited counterclaims. In essence, Gibson is contending that the expiration of the one-year time period on July 3, 2011, operated retroactively to make the prior June and July 2010 orders final and appealable. Not only does he not cite any authority for this contention, it is contrary to the plain language of the rule, which requires that a notice of appeal be filed from a "judgment, decree, or order" and that it must also be filed within thirty days of that order. Even assuming that the June and July 2010 orders subsequently became final and appealable on July 3, 2011, a notice of appeal filed from those orders after this date would clearly be outside the thirty-day time limit set forth in Ark. R.App. P.-

Civ. 4(a). Thus, we find no merit to Gibson's argument on this point and conclude that Killian timely filed his notice of appeal within thirty days of the entry of the trial court's final order in this case on September 6, 2011.

Killian argues on appeal that summary judgment was not appropriate where there were genuine issues of material fact remaining and that the trial court misapplied the case of *Dillard v. Resolution Trust Co.*, 308 Ark. 357, 824 S.W.2d 387 (1992), in ruling that he did not meet "proof with proof" on Gibson's motion. Because both of Killian's first two points on appeal essentially challenge the trial court's grant of summary judgment, we address them together.

Summary judgment is to be granted by the trial court only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *McGhee v. Ark. State Bd. of Collection Agencies*, 368 Ark. 60, 243 S.W.3d 278 (2006). In reviewing a grant of summary judgment, an appellate court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Id.* This court views the evidence in the light most favorable to the party against whom the motion for summary judgment was filed and resolves all doubts and inferences against the moving party. *Id.*

Killian argues that there were at least three main factual issues in dispute that made the grant of summary judgment inappropriate in this case. First, Killian asserts that there was disagreement between the parties as to the amount of

---

**2.** Killian also argues that this court cannot address Gibson's contention because he did not file a notice of cross-appeal; however, the timely filing of a notice of appeal is a jurisdic-

tional issue that this court can address at any time and in fact is required to raise sua sponte. *Tissing v. Ark. Dep't of Human Servs.*, 2009 Ark. 166, 303 S.W.3d 446.

profit received from the sale of Lot 2. Gibson, relying on the settlement agreement document that Killian provided in discovery, asserted that Killian received $161,796.64 for the property, while Killian argues that he only received $149,000 after paying other fees associated with the mortgage and sale of the property. However, Killian failed to provide any sort of documentation of these additional fees, such as by affidavit or other supporting proof. Under Ark. R. Civ. P. 56(e) (2011), when a motion for summary judgment is made and supported by the movant, the adverse party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Here, other than allegations contained in his complaint and the general denials alleged in his responses to the summary-judgment motion, Killian failed to provide specific proof that he received less than the $161,796.64 stated in the settlement agreement he himself provided. Thus, Killian failed to rebut Gibson's assertion and show that a genuine issue of fact remained regarding the amount he received for this property.

The second disputed issue, according to Killian, is whether Gibson was entitled to be credited $200,000 for Lot 1. Killian did not give any credit to Gibson for this property in his complaint, arguing that it was used to obtain a $100,000 loan to pay for materials and work provided under the parties' agreement and that there was no proof of the lot's actual worth. It is true that Gibson only averred in his affidavit that he was entitled to be credited $200,000 for Lot 1; again, however, Killian did not refute this allegation with any supporting evidence showing a lesser value for this property, nor did he produce documentation of the loan that he purportedly obtained on this property. Thus, we find that no genuine issue of fact remains regarding this property as well.

Killian contends that the third disputed issue is that Gibson did not address the claim in his complaint that Gibson had failed to pay the cost-plus percentages on the invoices until October 2006, when Killian's bank began requiring Gibson to do so. Killian is correct that Gibson did not address this issue in his summary-judgment motion; however, for the purposes of his summary-judgment motion, Gibson accepted the amount prayed for by Killian in his complaint as correct. Thus, Gibson did not challenge Killian's assertion that he was owed the extra percentages but instead alleged that he had not been given credit for other, additional payments and property given to Killian. Killian also asserts that Gibson failed to address the $351,840.37 bank loan note that he agreed to pay, but again, Gibson chose to accept Killian's amount that he prayed for in the complaint, and this amount included the $351,840.37 bank note. Thus, none of these issues demonstrate that a genuine issue of material fact remains for trial or that summary judgment was inappropriately granted by the trial court.

■ Killian's second point on appeal concerns the basis for the trial court's decision. He asserts that the trial court should not have relied upon *Dillard, supra,* as it can be distinguished from this case. The trial court cited *Dillard* only for the proposition that the party defending a motion for summary judgment must meet "proof with proof." Although the facts in *Dillard* are distinguishable because the party in that case failed to even file a response to the summary-judgment motion, the trial court's order is correct that the non-moving party must not rely solely upon allegations and denials in their pleadings but must instead provide some other

affirmative proof that there are material issues of fact remaining once the moving party has established that they are entitled to judgment as a matter of law. Ark. R. Civ. P. 56(e); *Flentje v. First Nat'l Bank of Wynne,* 340 Ark. 563, 11 S.W.3d 531 (2000); *Dillard, supra.* Killian contends that the trial court based its decision primarily on the fact that he did not file opposing affidavits, which are not necessarily required under Ark. R. Civ. P. 56(e). However, there is no evidence that the trial court made its decision on this basis. The summary judgment order merely indicates that Killian failed to rebut Gibson's motion and show that there was a genuine issue for trial. As stated earlier, Killian did not meet "proof with proof" on the issues raised in Gibson's motion, whether by affidavit or by other supporting documentation other than allegations in his pleadings, and the trial court did not therefore improperly state the basis for its decision. Although Killian did send a letter to the trial court objecting to the proposed order and requesting further clarification on the court's basis for the grant of summary judgment, when the trial court responded and asked Killian to reply with specific suggestions regarding the order or his own proposed order, he instead filed a motion objecting to the order that simply reargued the merits of the trial court's decision. There is no merit to Killian's contention that the trial court erred in stating the basis for its grant of summary judgment, and we affirm on this point.

In his third point on appeal, Killian contends that the grant of summary judgment was an abuse of discretion by the trial court where there was a pending motion for forensic accounting that had yet to be decided. On February 16, 2010, after the trial court's previously imposed deadline of February 5, 2010, to file any more supplemental material regarding the motion for summary judgment, Killian filed a Motion for Forensic Accounting and Appointment of Rule 706 Expert Witness. It was never specifically ruled upon by the trial court. Killian contends that his motion should be considered as an Ark. R. Civ. P. 56(f) motion for continuance, which provides that, if it appears "from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." The decision of whether to grant a continuance under this rule is a matter of discretion of the trial court. *Hamilton v. Allen,* 100 Ark.App. 240, 267 S.W.3d 627 (2007).

Killian asserts that an accounting was necessary in this case to review what each party had paid or received pursuant to the contract and that the trial court would then have been certain that no material questions of fact remained. As Gibson argues, there was no abuse of discretion here. Killian had four months from the time the motion for summary judgment was filed to request an accounting. Instead, he waited until after the trial court had set a deadline after which neither party could file any more pleadings or supplemental material regarding the summary judgment motion. Also, as Gibson appropriately points out, Killian did not file any such affidavit asserting his need for a continuance as is required under Rule 56(f). We find no error on this point, and we therefore affirm the trial court's grant of summary judgment.

Affirmed.

ROBBINS and MARTIN, JJ., agree.