2015 Ark. App. 268

Steven J. WILSON and Christina R. Wilson, Appellants

v.

ARVEST BANK, Appellee

No. CV–14–1074

Court of Appeals of Arkansas, DIVISION I.

Opinion Delivered April 22, 2015

W. Marshall Prettyman, Legal Aid of Arkansas, for appellants.

Stockland & Trantham, P.A. by: Charles S. Trantham, Fayetteville, for appellee.

CLIFF HOOFMAN, Judge

|₁Appellants Steven Wilson and Christina Wilson appeal from the Benton County Circuit Court's August 21, 2014 decree of foreclosure and order granting motion for summary judgment in favor of appellee Arvest Bank.[1] On appeal, appel-

---

1. Appellants filed their initial timely notice of appeal on September 10, 2014, stating that they were appealing from the decree of foreclosure and order granting motion for summary judgment, but they erroneously stated that this order was entered on November 16, 2011, and filed on November 18, 2011. An amended notice of appeal was filed on September 17, 2014, correcting the inaccuracy. Thus, appellants timely appealed from the August 21, 2014 order. Subsequently, after the trial court filed an order denying a motion for stay pending appeal on September 23, 2014, appellants filed a second amended notice of appeal on November 18, 2014, stating that they were appealing from both the August 21, 2014 order and the denial of the motion for stay pending appeal. Because appellants filed their notice of appeal from the trial court's denial of the motion for stay pending appeal more than thirty days after the order was filed, the appeal is untimely as to that

lants contend that (1) the trial court erred in granting summary judgment as there were contested issues of fact and ₂the appellants met proof with proof and (2) the trial court erred in finding that appellee had complied with the federal statutes and regulations protecting homeowners on foreclosure. We affirm.

Arvest Bank filed a petition for foreclosure on March 13, 2014, naming Steven J. Wilson, Jr.; Christina R. Wilson; James Alan Crouse; and the Department of Finance and Administration, State of Arkansas (DF & A) as respondents.[2] The petition alleged that the Wilsons and Crouse owned the property in question as joint tenants with right of survivorship. They executed and delivered an adjustable-rate note and mortgage on September 22, 2008. Arvest Bank further alleged that they failed to pay the installments on time and that it was electing to declare the unpaid balance due in full and foreclose on the property pursuant to the terms of the note and mortgage. Additionally, Arvest Bank alleged that it gave written notice of the default and the right to cure the default. Arvest Bank stated that it was naming DF & A as a respondent to the extent that DF & A may have had an inferior interest in the property. Copies of the note and mortgage were attached to the petition.

The Wilsons filed an answer on March 28, 2014, affirmatively pleading that after receiving notice, they tendered the payments due but were refused. Additionally, they raised the "affirmative defenses of estoppel, unclean hands, bad faith, failure to provide notice of services pursuant to 20 U.S.C. 1701x and such other defenses as may be ascertained through discovery."

DF & A filed an answer on April 9, 2014, stating that it had no interest in this matter and requesting that the action be dismissed as to it without prejudice. Arvest Bank ₃responded to requests for admission on May 7, 2014. Most notably, Arvest Bank denied that appellants attempted to make any partial payments to reduce the amount of arrearages owed or that appellants were unable to obtain a definite amount that was owed.

On May 27, 2014, Arvest Bank filed a motion for summary judgment and memorandum of supporting authorities. Arvest Bank alleged that there were no genuine issues of material fact in dispute and that it was entitled to judgment as a matter of law. In support, it attached an affidavit from Vicki Smith, the President of Arvest Bank, and copies of the note and mortgage. Smith stated in her affidavit that the Wilsons and Crouse executed a note and mortgage. Furthermore, they defaulted in making their payments despite the demand that they do so. As of May 16, 2014, $41,086.07 for principal, $908.68 for interest, $262.57 for late fees, and $119.00 for property inspections were outstanding. Additionally, Smith stated that the bank was also entitled to attorney's fees in the amount of $5,966.50, title-work fees in the amount of $250.00, filing fees in the amount of $180.00, and service fees in the amount of $53.16.

Appellants filed a response to the motion for summary judgment on June 10, 2014. They disputed appellee's contention that there were no issues of material fact in dispute. Appellants argued that

order. Ark. R. App. P.–Civ. 4(a) (2014). However, the parties do not contest the September 23, 2014 order in their arguments on appeal; therefore, appellants' failure to timely appeal from the September 23, 2014 order is

irrelevant to our discussion of the issues raised in this appeal.

2. Only Steven and Christina Wilson subsequently appealed.

they contacted the Petitioner's Arvest Bank upon numerous occasions in order to attempt to obtain an amount due on the loan ending in 6270 and were unable to obtain a correct amount from any authorized representative of Arvest Bank. Further, each time the Separate Respondents called, months prior to litigation being initiated, they were informed that "attorney's fees were accruing even as they spoke." The Separate Respondents attempted, in good faith, to reinstate the loan, but were unable to do so, due to Arvest Bank's refusal to tender in good faith a valid reinstatement amount.

Appellants also alleged that some of the attorney's fees were wrongfully assessed and that this wrongful assessment increased their difficulty to cure the arrearage. Therefore, they alleged that there were three issues of material fact: (1) whether appellants properly tendered payment that would have brought the loan current, (2) whether the bank erroneously or maliciously added improper attorney's fees to the balance owed in January that prevented appellants from making sufficient partial payments to bring them into compliance, and (3) whether the bank acted in bad faith by repeatedly misleading appellants and providing inconsistent information that prevented appellants from making the proper payment. In support of their response, appellants attached an affidavit signed by both of them that stated in pertinent part:

2. That due to circumstances beyond our control, said mortgage did become in arrears;

3. That on October 4, 2013 a partial payment of $545.00 was made in good faith to Petitioner and was accepted and a partial payment was made on December 3, 2013 in the amount of $300.00 and was accepted by the Petitioner;

4. That the Respondents attempted to make a payment to the Petitioner in a good faith effort to pay the amount of arrearages and bring the account current and the payment was refused, further, the Respondents were told by a duly authorized representative of Arvest Bank that "even as they spoke attorney's fees were accruing."

5. That the Respondents made several more good faith attempts to find out a reinstatement amount for the loan ending in 6270, were transferred to several different individuals and were never given a definite or accurate amount;

6. That the Respondents have paid into trust with Legal Aid of Arkansas, Inc. $2,000.00 and amount in excess of the arrears and payment due. Plaintiff has in bad faith added unnecessary and excessive fees to the arrearage, rather than allow the Respondents to bring the account current.

Additionally, appellants attached a loan-history statement listing all the payments and charges that occurred throughout the life of the loan, documents containing information about the property from the county assessor's office, page two of the requests for admission from Arvest Bank, and page four of the mortgage.

Arvest Bank filed a reply to the response on June 18, 2014, alleging that appellants failed to meet proof with proof after its prima facie showing of the debt. Appellants subsequently filed a response to Arvest Bank's reply on July 1, 2014. In their response, appellants referenced federal regulation 12 CFR 1024.38(ii) and argued that Arvest Bank failed to provide timely or adequate information regarding

a loan modification or the amount necessary to bring the loan current.

Arvest Bank filed an amended reply to the response to motion for summary judgment on August 6, 2014. In addition to the arguments it previously made, Arvest Bank attached a series of letters and notices that were sent to appellants to show that it provided proper notice to appellants, yet the appellants failed to either bring the note current or accept any of the alternative work-out options that were available. A letter dated December 4, 2013, notified the Wilsons that the bank's records indicated that the account was past due and that $1,030.03 was due plus any other future payments or late charges that might become due pending payment. The bank also provided a contact number and requested that appellants contact that number to resolve the issue. On January 8, 2014, Arvest Bank sent another letter. In this letter, Arvest Bank indicated that appellants owed a total amount of $1,282.97 plus any further payments or late charges that might become due. Additionally, the letter listed three other options that may have been available to appellants, including loan modification, short sale, or deed in lieu of foreclosure. A phone number with instructions to ask for the Loss Mitigation Department, address, and email were provided in the letter. On January 31, 2014, Arvest Bank sent a letter indicating the payoff figures on the loan as it states was requested. Additionally, another letter was sent on January 31, 2014, indicating that the loan was referred to an attorney for foreclosure and providing the attorney's contact information with instructions that all transactions would now need to be handled through that office. Finally, on March 31, 2014, Arvest Bank's attorney sent a letter to appellants' attorney indicating that Arvest Bank would reinstate the loan upon payment in the amount of $5,772.86, which included all the previous unpaid installments, late charges, inspection fees, miscellaneous fees, and attorney's fees and costs.

A hearing was held on August 11, 2014. In addition to the arguments made in the motion, responses, and replies, counsel for appellants alleged that appellants were in a position to make the loan current in either late January or early February but were unable to do so because Arvest Bank failed to provide the specific amount owed. Counsel for appellants also pointed to a loan-history statement and stated that the document was difficult to understand because it listed "unapplied" payments, and it was unclear what that meant. Therefore, counsel argued that there was a factual dispute over whether his clients were able to make payment and that the information from the bank did not "jive with what they underst[ood] to be owed." Furthermore, counsel for appellants argued that "federal banking regulations" made it clear that the bank had a duty to try "to engage in some sort of a workout" and that the bank here failed to accept payments from appellants and gave differing amounts that were owed on the loan. At the conclusion of the hearing, the trial court made the following oral ruling:

> All right. My memory from my bank representation days was these unapplied payments amount to charges to the account for funds not received, in effect. That's what they are. So while it might be difficult for those of us not accustomed to this type of accounting or who are not accountants, I think that this is in order.

> I don't believe that you've met proof with proof in this regard, Mr. Prettyman. The amount due and owing was determined by this accounting, and as I heard it very clearly and by your own

admission, there's been no tender since January.

And so I find that the motion is appropriate and I'm going to grant the motion. · Mr. Trantham, prepare me an order, have it to the Court within ten days with five days' notice to Mr. Prettyman, and we'll go from there.

Subsequently, the trial court filed a decree of foreclosure and order granting motion for summary judgment on August 21, 2014. Specifically, the trial court found that the note and mortgage provided that in the event installments of the principal were not paid, Arvest Bank could elect to make the entire unpaid principal installments with earned and unpaid interest immediately due and payable. Furthermore, if the bank employed an attorney for collection, appellants agreed to pay attorney's fees. The trial court found that appellants were in default and that appellants were given written notice of the default and their right to cure the default. Additionally, the trial court found that appellants were not entitled to any setoffs, counterclaims, or defenses and that any would be totally without merit. Therefore, the trial court ordered and adjudged that the motion for summary judgment was granted and granted Arvest Bank the foreclosure decree. Furthermore, a notice of sale was filed on August 29, 2014. This appeal followed.

Pursuant to Arkansas Rule of Civil Procedure 56 (2014), summary judgment is to be rendered in instances where "the pleadings, depositions, answers to interrogatories and ₈admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of.law." Once the moving party has established a prima facie entitlement to summary judgment, the non-moving party must meet "proof with proof" and demonstrate the existence of a material fact. *Allen v. Allison*, 356 Ark. 403, 155 S.W.3d 682 (2004). This court's review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. *Id.* However, the non-moving party must not rely solely upon allegations and denials in their pleadings but must instead provide some other affirmative proof that there are material issues of fact remaining once the moving party has established that they are entitled to judgment as a matter of law. *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000); *Killian v. Gibson*, 2012 Ark. App. 299, 423 S.W.3d 98. On appeal, this court views all proof submitted in the light most favorable to the non-moving party, with any doubts or inferences resolved against the moving party. *Allen, supra.* Summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as a matter of law. *Inge v. Walker*, 70 Ark. App. 114, 15 S.W.3d 348 (2000).

On appeal, appellants first contend that the trial court erred in granting summary judgment as there were contested issues of material fact and that the appellants met proof with proof. Specifically, appellants admit that they were behind in their payments. · However, they argue that they attempted to cure the arrearage and that appellee refused to accept their payment. Additionally, they contest the amount of attorney's fees that were assessed on ₉October 1, 2013, according to the loan-history statement, and allege that the $2,000 placed in their attorney's trust account could have been used to pay the outstanding balance of $1,282.97 if that did not include the October attorney's fees in the amount of $1,872.00. Appellants also question other entries in the loan-histor

statement and argue that appellee did not explain what was meant by "unapplied payments." Appellee contends that it provided appellants with notices indicating the amount due on the note and that appellants failed to bring the note current. Appellee also contends that it provided sufficient evidence to establish its entitlement to summary judgment as a matter of law and that appellants failed to meet proof with proof as required. We agree.

■ Here, the record contains numerous written letters and notices that were mailed to appellants, including specific amounts due and contact information to discuss the resolution of the outstanding balance. Furthermore, the loan documents included an acceleration provision, which required appellants, at appellee's election, to make payment in full and permitted appellee to invoke any other remedies permitted by applicable law. Additionally, the documents provided that appellee was entitled to collect all expenses incurred, including reasonable attorney's fees and costs. Smith's affidavit indicated that appellants had defaulted. According to Arvest Bank's response to requests for admission, appellee specifically denied that appellants attempted to make partial payments or that they were unable to obtain a definite amount. Appellants even openly admit that the "mortgage did become in arrears," according to their affidavit. Therefore, appellee provided sufficient prima facie evidence of entitlement to summary judgment, and appellants were required to meet proof with proof to show that there were still issues of material fact in dispute.

■ Although appellants argue that there were issues of material fact, each of their arguments relies on their contention that they could have brought the loan current had it not been for appellee's actions or lack thereof. However, appellants failed to provide specific proof in their affidavit. Even though the mortgage provided a provision that allowed appellants to reinstate the loan after acceleration, appellants failed to provide any specific proof that they could do so. Appellants' affidavit merely restates their allegations in the pleadings that they attempted to make a payment but the payment was refused. However, appellants failed to state when they attempted to make a payment, how much they attempted to pay, how much they could have paid, at what point they would have been able to bring the loan current, or provide any other specific details as required under Rule 56. The only detail that they provided was that the bank representative stated that "even as they spoke attorney's fees were accruing." A letter in the record from Arvest Bank to appellants indicated that the matter was referred to an attorney by January 31, 2014. Furthermore, that letter indicated that all matters were to be discussed with the attorney assigned and provided the attorney's contact information.

■ While the affidavit also restates appellants' allegations from their pleadings that they "were transferred to several different individuals and were never given a definite or accurate amount," appellants failed to give any specific detail about their attempts. Additionally, while they alleged that they deposited $2,000 with their attorney at some point after he was retained, appellants failed to provide any specific information regarding when this money was deposited and when they obtained the $2,000 that could have been applied to the loan. As our supreme court has recognized, "an affidavit stating only conclusions, but failing to set forth specific facts is insufficient to show there is a material issue of fact." *Bushong v. Garman Co.,*

311 Ark. 228, 843 S.W.2d 807 (1992). Thus, appellants failed to meet proof with proof to show that they could have paid an amount at any given time that would have been sufficient to reinstate the loan, and the trial court did not err in granting summary judgment.

Appellants next contend on appeal that the trial court erred in finding that the appellee had complied with the federal statutes and regulations protecting homeowners on foreclosure. Specifically, appellants cite and quote several federal regulations and argue that, had appellee complied with those regulations, appellants would have been able to bring the loan current and avoid foreclosure. Although appellants cite to several different regulations, only one regulation was cited and presented before the trial court—12 C.F.R. § 1024.38.[3] It is well settled that this court does not consider arguments raised for the first time on appeal; a par-

ty cannot change the grounds for an objection or motion on appeal, but is bound by the scope and nature of the arguments made before the trial court. *Yant v. Woods*, 353 Ark. 786, 120 S.W.3d 574 (2003). To the extent appellants' argument is preserved on appeal, the argument still fails for the same reason as in the first point on appeal. Appellants' affidavit fails to provide $|_{12}$any specific proof that they could have made payment that would have brought their loan current. Therefore, we affirm the trial court.

Affirmed.

Vaught and Brown, JJ., agree.

---

**3.** 12 C.F.R. § 1024.38 generally provides that "[a] servicer shall maintain policies and procedures that are reasonably designed to achieve the objectives set forth in paragraph (b) of this section." Paragraph (b) includes the objective of "[a]ccessing and providing timely and accurate information."